

245 Bricktown Way, Suite J
Staten Island, New York 10309
ChristinaMartinezEsq@gmail.com
T: (347) 215-4543
F: (718) 556-2007
*Admitted in:*
*New York & New Jersey*

(Via ECF)
Judge Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

January 13, 2025

**RE:** **Joint Letter in connection with Initial Status Conference**
*Pastrana v. New York City Fire Dep't., et. al.*, **1:24-cv-07348-BMC**

Dear Judge Cogan:

Pursuant to the Court's Order, the parties respectfully submit this joint letter summarizing the case and addressing contemplated motions in advance of the upcoming conference.

**Plaintiff's Position**

**Factual Basis for the Claim:**
This case arises from Plaintiff Obrian Pastrana's termination from his position as a firefighter with the New York City Fire Department (FDNY) due to the failure to accommodate his medical condition following adverse reactions to the COVID-19 vaccine mandated by Defendants. Plaintiff, an FDNY firefighter since 2013, experienced a severe allergic reaction to the first dose of the vaccine, which escalated to myocarditis and resulted in permanent disability. Despite this, Defendants required Plaintiff to receive a second dose, disregarding contraindications outlined by the CDC.
The Fire Pension Fund later denied Plaintiff Accidental Disability Retirement benefits, finding that the vaccine injury did not meet the legal definition of an accident. Plaintiff's claims include violations of his constitutional rights to Substantive Due Process under the Fourteenth Amendment, failure to provide reasonable accommodations under the New York City and New York State Human Rights Laws, and failure to engage in a cooperative dialogue regarding accommodations.
**Jurisdictional Basis:**
This Court has subject matter jurisdiction under 42 USC §1983, 28 U.S.C. §§ 1331 and 1343 for claims arising under federal law and supplemental jurisdiction under 28 U.S.C. § 1367 for related state and city law claims.
**Legal Basis for the Claims:**

1

1. **Fourteenth Amendment Violations:** Plaintiff alleges that the COVID-19 vaccine mandate infringed upon his constitutional rights to bodily integrity and to refuse unwanted medical treatment under the Due Process Clause.
2. **Disability Discrimination and Failure to Accommodate:** Plaintiff alleges Defendants violated the NYCHRL and NYSHRL by failing to accommodate his medical condition and disregarding his disability and the fact that he was medically contraindicated from receiving the vaccine pursuant to guidelines promulgated by the Centers for Disease Control and Prevention.
3. **Failure to Engage in a Cooperative Dialogue:** Plaintiff asserts Defendants violated NYCHRL requirements to engage in good faith discussions regarding reasonable accommodations.

**Contemplated Motions:**
Plaintiff will move for summary judgment.

**Defendants' Position**

**Brief description:**
Plaintiff, a firefighter with the FDNY, complied with the City's October 2021 Vaccine Mandate by receiving the first dose of the Pfizer COVID-19 vaccine on October 29, 2021, to meet the deadline and maintain employment. After experiencing an anaphylactic reaction to the first dose, Plaintiff expressed concerns about receiving the second dose but did not formally request a medical exemption or accommodation. Despite these concerns, Plaintiff received the second dose on November 23, 2021, under the vaccine mandate's requirements to remain employed, without pursuing the available accommodation process.

Following the second dose, Plaintiff developed adverse sideeffects, including myocarditis. The Fire Pension Fund denied Accidental Disability Retirement (ADR) benefits, reiterating that the vaccine injury did not qualify as an "accident" under applicable legal standards. Plaintiff subsequently filed an Article 78 proceeding challenging the denial of ADR benefits, claiming his vaccine injury should qualify as an "accident." The New York County Supreme Court rejected this argument, ruling that Plaintiff's injury was incidental to the planned vaccine mandate and did not meet the legal definition of an accident. The Court also highlighted that (*Pastrana v. New York City Fire Pension Fund*, Index No. 160515/2023).

While FDNY's reasonable accommodation policy was utilized by other employees, with medical exemptions granted to firefighters, Plaintiff failed to request accommodations before receiving either dose of the vaccine.

**Legal basis for the defenses:**

1. **Fourteenth Amendment Violations:**

Plaintiff fails to state a claim for a substantive due process violation under the Fourteenth Amendment because the vaccine mandate does not implicate a fundamental right nor force Plaintiff to undergo unwanted medical treatment. However, Courts have consistently held that requiring vaccination as a condition of employment does not amount to coercion or violate substantive due process rights. *We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 293-294 (2d

Cir. 2021) ("Although [the plaintiffs] have a hard choice to make, they do have a choice. Vaccination is a condition of employment...the State is not forcibly vaccinating healthcare workers.").

The Complaint reveals that the vaccine mandate did not compel vaccination but conditioned continued employment on compliance with its requirements. It explicitly allowed reasonable accommodations for sincerely held religious, moral, or ethical beliefs and medical conditions, offering permanent and temporary exemptions. Employees who requested accommodations could continue working while submitting weekly negative COVID-19 test results. Courts have consistently held that such policies do not amount to coercion or violate substantive due process.

### 2. Failure to Accommodate Claim and Corporative Dialogue:

Plaintiff's failure-to-accommodate claims under the NYSHRL and CHRL fail because Plaintiff does not allege that he made a specific accommodation request or that Defendant refused such a request. Both statutes require a plaintiff to show (1) a qualifying disability, (2) the employer's awareness of the disability, (3) a specific request for accommodation, and (4) the employer's refusal to provide it. *McBride v. BIC Consumer Prods. Mfg. Co., Inc.*, 583 F.3d 92, 97 (2d Cir. 2009). While the CHRL provides broader protections, including requiring a "cooperative dialogue," this obligation arises only after a request. *Heiden v. New York City Health & Hosps. Corp.*, No. 20-CV-10288, 2023 U.S. Dist. LEXIS 5583, at *33 (S.D.N.Y. Jan. 11, 2023). The CHRL makes it unlawful for an employer to fail to engage in a cooperative dialogue within a reasonable time after receiving an accommodation request (Administrative Code of the City of New York § 8-107[28][a]).

Plaintiff fails to identify any instance where he requested an accommodation or where Defendant refused such a request. The complaint acknowledges that Plaintiff was informed of the vaccine mandate and the availability of accommodations for religious, moral, and medical reasons. Despite this, Plaintiff voluntarily received both doses of the vaccine and did not request an exemption or accommodation, even after allegedly experiencing an allergic reaction to the first dose. Plaintiff's failure to initiate the accommodation process precludes any claim that Defendant refused or failed to engage in good faith under the CHRL or SHRL.

### 3. Failure to Exhaust Administrative remedies:

A plaintiff cannot file suit in federal court without first receiving a notice of right to sue from the EEOC or relevant agency. *Sirisena v. City of Univ. of N.Y.*, No. 17-cv-7135, 2019 U.S. Dist. LEXIS 58384, at *10 (E.D.N.Y. Mar. 31, 2019). Once issued, the plaintiff has 90 days to file a lawsuit *Guichardo v. Dollar Tree*, No. 16-CV-1221, 2016 U.S. Dist. LEXIS 182869, at *8 (E.D.N.Y. July 1, 2016). Here, Plaintiff fails to allege that a charge was filed or that a right-to-sue letter was obtained, barring this action.

**Jurisdictional Basis:**

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 for claims arising under federal law and supplemental jurisdiction under 28 U.S.C. § 1367 for related state and city law claims. However, Federal courts may decline to exercise supplemental jurisdiction over state and city law claims when the related federal claims are dismissed or when the state or city claims substantially predominate over the federal issues. 28 U.S.C. § 1367(c).

**Contemplated Motions:**

      Defendant will file a motion to dismiss. In addition, Defendants anticipates moving for summary judgement, on some or all of Plaintiff's claims after the close of fact discovery.

**Conclusion**

The parties thank the Court for its attention to this matter and are prepared to address these issues further during the conference.

                                            Respectfully submitted,

                                            Christina Martinez, Esq.
                                            *Attorney for Plaintiff*