24-CV-07348-BMC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

O'BRIAN PASTRANA,

                              Plaintiff,

-against-

NEW YORK FIRE DEPARTMENT, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE (DOHMH) and THE CITY OF NEW YORK,

                              Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

**MURIEL GOODE-TRUFANT**
*Corporation Counsel of the City of New York*
Attorney for the Defendants
100 Church Street, Room 2-173
New York, N.Y. 10007

*Of Counsel:* Madeleine A. Knutson, Esq.
*Tel:* (212) 356-2445

Served May 6, 2025

Matter No. 2024-093439

# **TABLE OF CONTENTS**

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 1 |
| CONCLUSION | 6 |
| CERTIFICATE OF COMPLIANCE | 7 |

# TABLE OF AUTHORITIES

**Cases** **Pages**

Abadi v. City of New York,
    2022 U.S. Dist. LEXIS 21815 (S.D.N.Y. 2022) ........................................................................3

Arista Recs., LLC v. Tkach,
    122 F. Supp. 3d 32 (S.D.N.Y. 2015) ........................................................................................1

Broecker v. New York City Dep't of Educ.,
    585 F. Supp. 3d 299 (E.D.N.Y. 2022) ......................................................................................3

Coombs-Moreno v. City of New York,
    2024 U.S. Dist. LEXIS 173750 (E.D.N.Y. 2024) .....................................................................3

Doe v. Columbia Univ.,
    2022 U.S. Dist. LEXIS 176629 (S.D.N.Y. 2022) .....................................................................1

Evans v. N.Y.C. Health,
    2023 U.S. Dist. LEXIS 139159 (S.D.N.Y.) (2023) ..................................................................3

Jacobson v. Massachusetts,
    197 U.S. 11 (1905) ................................................................................................................3, 4

Kane v. De Blasio,
    19 F.4th 152 (2d Cir. 2021) ......................................................................................................3

Maniscalco v. New York City Dep't of Educ.,
    563 F. Supp. 3d 33 (E.D.N.Y. 2021) ...................................................................................2, 3

New Yorkers for Religious Liberty, Inc. v. City of New York,
    121 F.4th 448 (2d Cir. 2024) ....................................................................................................3

We the Patriots USA, Inc. v. Hochul,
    17 F.4th 266 (2d Cir. 2021) ..................................................................................................2, 3

## PRELIMINARY STATEMENT

In Plaintiff's Opposition to Defendants' Motion to Dismiss ("Opposition" or "Opp."), Plaintiff does not raise any colorable arguments to avoid dismissal. Plaintiff, who notably does not demonstrate that he has any scientific expertise whatsoever, continues to baselessly insist that the COVID-19 vaccine is a "treatment" in an effort to circumvent binding federal jurisprudence upholding vaccine mandates, even upholding the exact COVID-19 vaccine mandate applicable to Plaintiff. Accordingly, as discussed below and set forth in Defendants' initial moving papers, the Amended Complaint should be dismissed in its entirety, with prejudice.

## ARGUMENT[1]

As an initial matter, Plaintiff's contention that "COVID vaccines are not vaccines, as that term has traditionally been understood, but are, as a factual matter, treatments" is wholly unsupported, and has absolutely no basis in reality. Compl. ¶¶ 128, 150. In the Amended Complaint, Plaintiff alleges that "the CDC even recently changed its own definitions of "vaccine" and "vaccination" to eliminate the word "immunity." Id. ¶ 128. Indeed, the CDC acknowledges that a vaccine need not provide full immunity. In fact, the CDC's webpage entitled, "Types of COVID-19 Treatment," identifies, as "COVID-19 Treatment Options," several "antiviral medications used to treat mild to moderate COVID-19:" (1) Nirmatrelvir with Ritonavir (Paxlovid), (2) Veklury (remdesivir), and (3) Molnupiravir (Lagevrio).[2] And COVID-19 vaccines are notably absent from the CDC's list of treatments. Instead, COVID-19 vaccines are included

---

[1] Defendants note that Plaintiff's Opposition does not dispute *Point I* of Defendants' Memorandum of Law in Support stating that DOHMH and the FDNY are not suable agencies of the City of New York. Such failure to oppose specific arguments in a motion to dismiss results in waiver of those issues and warrants dismissal. See Doe v. Columbia Univ., 2022 U.S. Dist. LEXIS 176629, at *44 n.3 (S.D.N.Y. 2022) (citing Arista Recs., LLC v. Tkach, 122 F. Supp. 3d 32, 39 (S.D.N.Y. 2015).

[2] See https://www.cdc.gov/covid/treatment/index.html.

in an entirely separate section of the same webpage labeled "Preventing COVID-19." The CDC makes clear that the COVID-19 vaccines are, in fact, vaccines. Surely the CDC, and not Plaintiff, is a more appropriate authority on what qualifies as a COVID-19 treatment and what qualifies as a COVID-19 vaccine.

Regardless of the nomenclature used, as this Court has already recognized, "[t]here is evidence that vaccines provide more robust protection than antibodies from a previous COVID-19 infection and to reduce the potential for hospitalization as compared to the unvaccinated population." Maniscalco v. New York City Dep't of Educ., 563 F. Supp. 3d 33, 40-41 (E.D.N.Y. 2021).

In their moving papers, Defendants argue that Plaintiff's substantive due process claim fails because the Vaccine Mandate does not implicate a fundamental right and does not shock the contemporary conscience. In Opposition, Plaintiff claims that Defendants "mischaracterize[] both the nature of Plaintiff's claim and the applicable constitutional standard." Opp. at 8. Curiously, Plaintiff proceeds to argue that the Vaccine Mandate *does* implicate a fundamental right and *does* shock the conscience, id. at 8, 15, seemingly applying the same standard. In any event, despite Plaintiff's protestations, the Vaccine Mandate does not implicate a fundamental right to refuse medicine.

However, the plaintiffs in We the Patriots USA, Inc. v. Hochul also argued that a COVID-19 vaccine mandate violated their rights to medical freedom. 17 F.4th 266, 293 (2d Cir. 2021). The Second Circuit disagreed, noting that, "[b]oth this Court and the Supreme Court have consistently recognized that the Constitution embodies no fundamental right that in and of itself would render vaccine requirements imposed in the public interest, in the face of a public health emergency, unconstitutional." Id. As here, the plaintiffs in We the Patriots USA claimed that

Jacobson v. Massachusetts, 197 U.S. 11 (1905), had been overruled and was no longer good law, a contention that the Second Circuit noted had "no support in caselaw." Id. Indeed, the right to refuse medical treatment is not implicated by the COVID-19 Vaccine Mandate. See Coombs-Moreno v. City of New York, 2024 U.S. Dist. LEXIS 173750, *15 (E.D.N.Y. 2024) (dismissing the plaintiffs' Substantive Due Process claim and rejecting the plaintiffs' argument that the Vaccine Mandate implicated a constitutional right to decline medical treatment).

In Opposition, Plaintiff also states that he "does not challenge the facial validity of the Vaccine Mandate but rather challenges the City's narrow medical accommodation policy and its application to him." Opp. at 9. This statement invokes a Procedural Due Process claim. Nevertheless, despite the lack of clarity around the exact nature of Plaintiff's challenge, COVID-19 Vaccine Mandates, including those that applied to employees of the City of New York, have consistently been upheld as constitutional, whether challenged substantively, procedurally, or otherwise. See We the Patriots USA, 17 F.4th 266, at 293; see also New Yorkers for Religious Liberty, Inc. v. City of New York, 121 F.4th 448, 457 (2d Cir. 2024); Kane v. De Blasio, 19 F.4th 152, 171 (2d Cir. 2021); Coombs-Moreno v. City of New York, 2024 U.S. Dist. LEXIS at *15; Broecker v. New York City Dep't of Educ., 585 F. Supp. 3d 299, 312 (E.D.N.Y. 2022); Maniscalco, 563 F. Supp. 3d.

To the extent that Plaintiff argues that his alleged contraindication sets this case apart from the aforementioned binding precedent, such argument also fails because Plaintiff was not forced to receive the vaccine.[3] See Evans v. N.Y.C. Health, 2023 U.S. Dist. LEXIS 139159, *11 (S.D.N.Y.) (2023) (quoting Abadi v. City of New York, 2022 U.S. Dist. LEXIS 21815, *21

---

[3] Plaintiff repeatedly asserts that he was "coerced" into taking the second dose of the COVID-19 vaccine. Compl. ¶¶ 9, 98, 132-133, 160, 163, Opp. at 1, 6, 17.

(S.D.N.Y. 2022) ("[I]n contrast to the statute upheld in Jacobson, the Vaccine Mandate here did not even force Plaintiff to be vaccinated, a point that courts have consistently made in upholding these and similar ordinances adopted during the COVID-19 pandemic."). There was a medical accommodation process in place, one which Plaintiff began to avail himself of, until he **voluntarily** received the second dose of the vaccine.

Finally, Plaintiff's Opposition fails to refute Defendants' arguments concerning the cooperative dialogue, namely, that Plaintiff's allegations clearly demonstrate that Defendants engaged in multiple discussions regarding Plaintiff's medical concerns, and that Plaintiff, himself, is responsible for the breakdown in the cooperative dialogue. Plaintiff met with an allergist following substantive discussions with the FDNY about his concerns about receiving a second dose of the vaccine, and upon allegedly being informed that he could not proceed with the allergy test, Plaintiff opted to receive the second dose of the vaccine the very next day. See Compl. ¶¶ 87, 99. Indeed, instead of informing the FDNY that he was unable to take the allergy test so that the FDNY could continue to engage with Plaintiff about his options, Plaintiff mooted any need to continue discussions by voluntarily taking the second dose. In Opposition, clearly sensing the infirmity of his position, Plaintiff argues that Defendants "obstructed the cooperative dialogue by imposing an unattainable and medically contraindicated precondition to even consider his request for a medical accommodation," and accuses Defendants of not engaging in "good faith," See Opp. at 24-25. However, the FDNY did not have the opportunity to discuss next steps, and to their knowledge, recommending that Plaintiff receive an allergy test was neither "unattainable" nor "medically contraindicated." Further, Plaintiff completely fails to justify his accusation that Defendants acted in bad faith.

In fact, the entirety of Plaintiff's failure to accommodate argument is premised on Plaintiff not receiving an exemption from the Vaccine Mandate as a reasonable accommodation, yet at the point when Plaintiff elected to get the second dose, his accommodation request had been neither denied nor approved. A request for an allergy test is not a denial. By electing to get the second dose of the vaccine, Plaintiff mooted his own accommodation request.

Throughout Plaintiff's Amended Complaint and Opposition, Plaintiff makes a large leap in attempting to hold the City, who implemented a constitutionally sound policy, responsible for alleged side effects of a vaccine that the City neither developed nor forced Plaintiff to receive. For these reasons, and those set forth in Defendants' moving papers, Plaintiff fails to state a Due Process claim of any kind, and fails to state any claim under the SHRL or CHRL, and the Complaint should be dismissed accordingly.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that their Motion to Dismiss the Amended Complaint be granted in its entirety, with prejudice, that judgment in favor of Defendants be entered, and that Defendants be granted costs, fees, and expenses together with such other and further relief as the Court deems just and proper.

Dated:	New York, New York
	May 6, 2025

                                    **MURIEL GOODE-TRUFANT**
Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street, Room 2-173
New York, New York 10007
(212) 356-2445
mknutson@law.nyc.gov

By:	*/s/ Madeleine A. Knutson*
	Madeleine A. Knutson, Esq.

# CERTIFICATE OF COMPLIANCE

Counsel of Record hereby certifies that pursuant to Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the enclosed memorandum of law contains approximately 1,536 words, which is less than the total words permitted by the rules of the Court. Counsel relies on the word count function of the computer program used to prepare this brief.

Dated: New York, New York
May 6, 2025

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street, Room 2-173
New York, New York 10007
(212) 356-2445
mknutson@law.nyc.gov

By:     */s/ Madeleine A. Knutson*
        Madeleine A. Knutson, Esq.