

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MADELEINE A. KNUTSON**
*Assistant Corporation Counsel*
Phone: (212) 356-2445
Email: mknutson@law.nyc.gov
*Email not for service*

May 6, 2025

**VIA ECF**
Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: <u>Pastrana v. New York City Fire Department, et al.</u>
     24-cv-07348-BMC

Dear Judge Cogan:

  I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and attorney for Defendants, New York City Fire Department, New York City Department of Health and Mental Hygiene, and City of New York, in the above-referenced action. I write to respectfully request an extension of fact discovery in the above-referenced action.

  On January 17, 2025, the Court set a discovery schedule requiring the parties to exchange Rule 26(a)(1) disclosures by February 7, 2025, serve written discovery requests by February 21, 2025, produce written discovery by March 24, 2025, and complete fact depositions by May 8, 2025. In a subsequent Order dated March 13, 2025, the parties were directed to serve written discovery requests by February 28, 2025.[1] The parties exchanged discovery requests on February 28, 2025, and served responses on March 31, 2025.

  The undersigned served Plaintiff's counsel with a deficiency letter on May 6, 2025, outlining the deficiencies in Plaintiff's responses to Defendants' First Set of Interrogatories and Defendants' First Request for the Production of Documents, and proposing that the parties jointly

---

[1] Defendants moved to dismiss the complaint on February 28, 2025. On March 25, 2025, the Court granted the parties' jointly proposed briefing schedule, with Plaintiff's opposition due on April 15, 2025, and Defendants' reply due on May 6, 2025. Defendants' dispositive motion is now fully briefed.

request an extension of fact discovery. In response, Plaintiff's counsel stated that Plaintiff is not seeking an extension of fact discovery, and "is ready to proceed directly to expert discovery."

The most critical deficiency in Plaintiff's responses is his refusal to provide HIPAA releases for the period of time alleged in his Complaint, and claims that information about his past medical conditions is irrelevant, "constitutes an unwarranted invasion of privacy," and would result in the "disclosure of confidential and privileged health invasion," among other objections. In this case, Plaintiff alleges that he suffers from, among other things "permanent cardiovascular disability," "as a result" of the Vaccine Mandate, and that Plaintiff received the first dose of the vaccine on October 29, 2021. As such, Plaintiff's prior medical condition(s) go(es) directly to the heart of Plaintiff's claims here. Plaintiff cannot put the cause of his medical conditions at issue and refuse to provide relevant medical records.

In response to Defendants' document requests, Plaintiff submitted 20 HIPAA release forms releasing records from only 2021 to the present.[2]

As such, Defendants respectfully request an extension of the deadline to complete fact discovery, to June 30, 2025, to allow time for potential discovery motion practice and, upon receiving appropriate releases, for medical providers to release Plaintiff's records to Defendants.

I thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Madeleine A. Knutson*
Madeleine A. Knutson, Esq.
Assistant Corporation Counsel

cc: All parties (By ECF)

---

[2] Most of Plaintiff's HIPAA forms release records from "2021 to Present," while others release records from "November 15, 2021."