

245 Bricktown Way, Suite J
Staten Island, New York 10309
ChristinaMartinezEsq@gmail.com
T: (347) 215-4543
F: (718) 556-2007
*Admitted in:*
*New York & New Jersey*

May 8, 2025

(Via ECF) Hon. Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Pastrana v. New York City Fire Department, et al.*
Case No. 24-cv-07348 (BMC)

Dear Judge Cogan:

I write pursuant to Your Honor's Order dated May 7, 2025, to respond to Defendants' improper discovery extension request and to clarify the record regarding Plaintiff's medical authorizations and the relevance of the discovery sought.

On May 6, 2025, just two days before the close of discovery, Defendants sent Plaintiff a deficiency letter for the first time, despite having received Plaintiff's discovery responses on March 31, 2025. On May 7, Plaintiff sought to meet and confer, but received an out-of-office message from Defendants' counsel. Plaintiff promptly contacted the urgent matters email provided and arranged a meet-and-confer for today, May 8. After that conference, for all twenty of the previously produced HIPAA authorizations, Plaintiff produced updated HIPAA authorizations to extend the date range back to 2018, as Defendants requested, even though Plaintiff's vaccine injury did not occur until 2021. As a further good faith measure, Plaintiff also provided three additional authorizations.

In truth, the vast majority of Plaintiff's medical records will not exist until 2021, because Plaintiff's injury occurred in response to the COVID-19 vaccination he received in 2021. Nonetheless, Plaintiff produced all medical authorizations dating back to 2018 to avoid judicial intervention.

Moreover, it bears emphasizing that the issue of Plaintiff's cardiovascular injury is not in dispute. During the initial status conference, Your Honor addressed this issue directly, suggesting that Plaintiff propose stipulated facts to narrow the scope of discovery given that FDNY had already determined Plaintiff was permanently unfit for duty due to the COVID-19 vaccine and granted him Ordinary Disability Retirement (ODR) on that basis. Plaintiff complied, serving proposed stipulated facts. Defendants refused to meet and confer and never counter-proposed any revisions. Plaintiff then served Rule 36 Requests for Admission, as Your Honor

1

advised, and Defendants responded by denying everything—including factual matters confirmed in discovery produced in other cases and sworn affirmations by FDNY officials. Your Honor explicitly warned the Defendants that if they refused to stipulate to facts not in issue, they would be sanctioned. As a matter of fact, Your Honor stated that even if they later admitted those facts in response to Plaintiff's Requests for Admissions, the Court might still sanction them.

It is not Plaintiff who has obstructed discovery. Defendants have wasted the parties' and the Court's time by denying facts they previously admitted, refusing to engage in a meaningful dialogue regarding stipulations, and now attempting to manufacture a discovery dispute on the eve of the deadline.

Defendants' own records—including but not limited to the Medical Board report and the Article 78 ruling in Supreme Court—establish that Plaintiff was found to be permanently disabled due to a service-connected allergic reaction to the vaccine and myocarditis. The Article 78 court expressly held that "getting the vaccine was not an unexpected event... [but] the bad consequences he suffered led to him receiving ODR." *Pastrana v. New York City Pension Fund, et. al*, Index No. 160515/2023, April 3, 2024. The question in this case is not whether Plaintiff suffered injury—Defendants themselves made that finding—but whether forcing him to undergo vaccination over his objection, with full knowledge of his adverse reaction, violated his constitutional and statutory rights.

Despite this, Plaintiff has now produced every authorization Defendants demanded, and the need for a conference on May 12 should be obviated. Nonetheless, in the event the Court determines a conference is necessary, Plaintiff respectfully requests an adjournment. I will be in Disney on a long-planned family vacation for my son's seventh birthday—a trip that holds immense personal importance to him and to our family. I requested Defendants' consent to reschedule, but they refused, despite knowing that my co-counsel will be in transit that day and is not sufficiently familiar with the discovery record or the proceedings before Your Honor. I personally represented Plaintiff in his Article 78 proceeding, drafted the complaint in this action, appeared for the initial conference where we discussed these issues, handled the discovery, and am intimately familiar with all of the details of this case.

Should the Court require a conference, I respectfully request that it be rescheduled for any time after next week. I further submit that no conference is necessary at all: Plaintiff has satisfied his discovery obligations, while Defendants have failed to timely raise their concerns, denied indisputable facts, and now attempt to prolong discovery in violation of both the Federal Rules and this Court's Individual Practices. It is they—not Plaintiff—who should be subject to sanctions.

                                                   Respectfully submitted,

                                                   Christina Martinez, Esq.
                                                   *Attorney for Plaintiff*