

Martinez
&
Loiacono
PLLC

Christina M. Martinez, Esq.
Partner
245 Bricktown Way, Suite J
Staten Island, New York 10309
T: (347) 215-4543
F: (718) 556-2007
ChristinaMartinezEsq@gmail.com
*Admitted in:*
*New York & New Jersey*

*Via ECF*
Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

May 15, 2025

    **RE:**    *Obrian Pastrana v. New York City Fire Department, et. al.*
             **Docket No. 24-cv-07348 (BMC)**

Dear Hon. Cogan:

We represent the Plaintiff, Obrian Pastrana. Pursuant to Your Honor's January 17, 2025 Order for Initial Status Conference, Plaintiff respectfully requests a pre-motion conference to seek leave to file a motion for summary judgment. We intend to move for summary judgment on all four causes of action asserted by Plaintiff.

**1. Substantive Due Process under the Fourteenth Amendment**

Plaintiff will establish that Defendants violated his fundamental rights by requiring him to undergo a second dose of the COVID-19 vaccine despite suffering a documented, life-threatening anaphylactic reaction to the first. The FDNY's own medical staff was on notice of this allergic reaction, yet Plaintiff was denied a medical exemption solely because he could not undergo lab testing[1] while on corticosteroids—despite repeated hospitalizations, epinephrine injections, and CDC guidance identifying severe allergic reaction as a recognized contraindication. Faced with termination, Plaintiff submitted to the second dose against his will, which resulted in permanent cardiac damage and disability. The FDNY's Chief Medical Officer and Medical Board, after evaluation, diagnosed Plaintiff with allergic reaction to the COVID vaccine and cardiovascular injury (myocarditis) and found him to be permanently unfit to return to duty on this basis.

---

[1] The City admits to this requirement in their Motion to Dismiss.

This coercion cannot be justified under any level of constitutional scrutiny—especially where, as here, there was no compelling governmental interest to enforce the mandate against Plaintiff. By the time of Plaintiff's request, the Centers for Disease Control and Prevention had publicly acknowledged that the COVID-19 vaccines do **not** prevent infection or transmission. In July 2021—months before the City enforced the mandate against Plaintiff—the CDC issued guidance confirming that vaccinated individuals could still become infected and spread the virus to others. The CDC further confirmed that vaccinated and unvaccinated individuals carried similar viral loads when infected with Delta and that the same was true for Omicron, rendering any public health rationale for universal vaccination fundamentally flawed.

Plaintiff's case does not challenge the facial validity of the mandate but rather its application to an individual who was medically contraindicated under CDC standards and posed no increased risk to others. The vaccine provided no communal benefit in Plaintiff's case and only risked serious personal harm. In this context, the City's refusal to accommodate him—while allowing over 1,100 firefighters to work unvaccinated during the same period—was not only medically irrational but constitutionally indefensible. These facts support a finding that the policy, as applied, violated Plaintiff's fundamental rights to bodily integrity and medical self-preservation and must be subject to strict scrutiny. The City's inflexible policy was not narrowly tailored, served no compelling interest, and shocks the conscience even under rational basis review.

**2. Failure to Accommodate under the NYSHRL and NYCHRL**

Plaintiff qualifies as a person with a disability under both statutes, having suffered a vaccine-induced anaphylactic reaction with ongoing symptoms affecting multiple bodily systems, including cardiovascular and respiratory function. This was medically documented, formally recognized by the FDNY, and resulted in a permanent disability retirement finding. Defendants were repeatedly placed on notice of this condition through Plaintiff's hospitalizations, FDNY physician evaluations, and direct communication from Plaintiff.

Despite this notice, Plaintiff could have continued performing the essential functions of his job with reasonable accommodation—specifically, weekly PCR testing, which Defendants provided to similarly situated firefighters. Instead, Defendants refused any accommodation unless Plaintiff submitted to a laboratory allergy test, despite knowing that he qualified for an accommodation according to the CDC's own guidelines. This rigid prerequisite was medically contraindicated and effectively foreclosed any individualized assessment.

Defendants' insistence on unattainable documentation in the face of clear medical evidence, combined with their failure to offer even the same accommodations extended to others, constitutes a textbook violation of both the NYSHRL and NYCHRL. Summary judgment is appropriate because there is no genuine dispute that Defendants imposed an inflexible and discriminatory barrier rather than making a good-faith effort to accommodate Plaintiff's disability.

### 3. Failure to Engage in Cooperative Dialogue under the NYCHRL

Plaintiff will demonstrate that Defendants never initiated or engaged in a good-faith dialogue regarding his need for accommodation. Instead, Defendants imposed a categorical prerequisite—the lab test—without any exploration of alternatives, even after being placed on notice that Plaintiff met the Center for Disease Control's contraindication to receiving the COVID-19 vaccine. No effort was made to explore weekly testing or modified duty, both of which were available to other similarly situated employees. Such one-size-fits-all policies, especially where the employer is already aware of the employee's condition, constitute a failure to engage in cooperative dialogue under the NYCHRL.

Plaintiff respectfully submits that there are no genuine disputes of material fact on these claims and that the evidence warrants judgment as a matter of law. Should the Court grant leave, Plaintiff will file a Rule 56.1 statement and supporting materials in accordance with Local Rules and Your Honor's Individual Practices.

We are available for a pre-motion conference at the Court's convenience and thank the Court for its attention to this matter.

    Respectfully Submitted,

    */s/ Christina Martinez*

    Christina Martinez
    Plaintiff's Attorney