

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MADELEINE A. KNUTSON**
*Assistant Corporation Counsel*
Phone: (212) 356-2445
Email: mknutson@law.nyc.gov
*Email not for service*

May 15, 2025

**VIA ECF**
Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Pastrana v. New York City Fire Department, et al.</u>
               24-cv-07348-BMC

Dear Judge Cogan:

      I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and attorney for Defendants, New York City Fire Department, New York City Department of Health and Mental Hygiene, and City of New York, in the above-referenced action. I write, in accordance with Your Honor's Individual Rules and the Court's January 17, 2025, Order, to respectfully request a pre-motion conference to discuss Defendant's anticipated motion for summary judgment.

      As set forth below, the pleadings and record make clear that Defendants are entitled to summary judgment on the law. There are no facts in the record that can overcome the law of this case precluding all of Plaintiff's claims. Plaintiff cannot establish that any constitutional right was violated by the Vaccine Mandate, or that he was denied a reasonable accommodation. It is clear that Plaintiff, himself, was responsible for the breakdown in the cooperative dialogue initiated by Defendants. Accordingly, Plaintiff's claims cannot survive summary judgment.

      Plaintiff's constitutional claim remains amorphous. Despite seemingly implicating procedural due process in his pre-motion letter by stating that "Plaintiff's case does not challenge the facial validity of the mandate, but rather its application to an individual," (ECF Dkt. 19), Plaintiff invokes substantive due process in the Amended Complaint and alleges that the Vaccine Mandate itself is unconstitutional. <u>See</u> Am. Compl. ¶ 66 ("the City's City Worker COVID-19 Vaccine Mandate must therefore be declared constitutional); <u>see also</u> <u>id</u>. at ¶ 127 ("…resulted in an unconstitutional infringement of Plaintiff's substantive due process rights…"). In any event, Plaintiff cannot succeed on either a substantive or procedural due process claim. Binding case law is clear that vaccine mandates, even the very mandate applicable to Plaintiff and at issue here, do

not implicate a fundamental right. See Jacobson v. Massachusetts, 197 U.S. 11, 25 (1905); see also We the Patriots USA, Inc. v. Hochul, 17 F.4th 266, 293 (2d Cir. 2021). There is no fact that can posit otherwise. Even assuming, *arguendo*, that there was a fundamental right implicated, although there decidedly is not, the enforcement of vaccine mandates does not shock the contemporary conscience. See Coughlin v. N.Y. State Unified Ct. Sys., 2023 U.S. Dist. LEXIS 192576, *17 (E.D.N.Y. 2023) (collecting cases). Similarly, the pre- and post-deprivation processes afforded to Plaintiff, namely the ability to seek a reasonable accommodation, were constitutionally sound. See Garland v. City of New York, 665 F. Supp. 3d 295, 307 (E.D.N.Y. 2023) (finding the reasonable accommodation processes afforded FDNY employees constitutionally sufficient.). Plaintiff's allegations to the contrary are further belied by his own abandonment of the processes afforded him by Defendants.

Plaintiff's failure to accommodate claims, brought under the State Human Rights Law and City Human Rights Law, are similarly unavailing. Plaintiff does not allege, nor does the record support, that Plaintiff received a denial of his request for an exemption to the Vaccine Mandate. Indeed, at the time that Plaintiff sought an allergy test, the cooperative dialogue had begun. However, Plaintiff's accommodation request was mooted the next day, when Plaintiff voluntarily sought and received a second dose of the COVID-19 vaccine. See Compl. ¶¶ 87, 99. Indeed, underlying all of Plaintiff's claims is this critical distortion: that Defendants somehow "coerced" or "forced" Plaintiff to receive the COVID-19 vaccine. See Am. Compl. ¶ 9 ("This forced medical intervention…"); see also Am. Compl. ¶¶ 98, 132, 160, 163.

There is no remaining fact that Defendants need prove to defeat Plaintiff's claims, which are wholly insufficient under the law. For the foregoing reasons, and for the reasons that will be set forth in their motion for summary judgment, Defendants respectfully request that the Court hold a pre-motion conference to discuss Defendants' proposed motion for summary judgment, and grant Defendants leave to file the same.

I thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Madeleine A. Knutson*

Madeleine A. Knutson, Esq.
Assistant Corporation Counsel

cc: All parties (By ECF)