UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

OBRIAN PASTRANA,

                                Plaintiff,

-against-

NEW YORK CITY FIRE DEPARTMENT, NEW YORK
CITY DEPARTMENT OF HEALTH AND MENTAL
HYGIENE, and the CITY OF NEW YORK,

                                Defendants.
------------------------------------------------------------------- X

**DEFENDANTS' LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERAL FACTS**

24-CV-07348 (BMC)

       Pursuant to Local Rule 56.1 of the Civil Rules of the United States District Court for the Eastern District of New York, Defendants, New York City Fire Department ("FDNY"), New York City Department of Health and Mental Hygiene ("DOHMH"), and the City of New York ("City") (together, "Defendants"), submit the following Statement of Undisputed Material Facts as to which they contend there is no genuine issue to be tried.

       1.     The FDNY promulgated Buck Slip No. EMS-21-10-12, dated October 21, 2021, ("FDNY Buck Slip"), "for Distribution/Posting." See FDNY Buck Slip, Knutson Decl. Ex. M.

       2.     The FDNY Buck Slip states, in relevant part, "[m]embers may be considered for exemption from the COVID-19 vaccine mandate under limited circumstances on the basis of a sincerely held religious belief or a medical contraindication. Requests for exemptions must be submitted by email to the EEO Office at EEORA@fdny.nyc.gov..." See FDNY Buck Slip, Knutson Decl. Ex. M.

       3.     The FDNY Buck Slip contained a summary of the COVID-19 vaccine mandate and a copy of the entire DOHMH Order and FAQs. The Buck Slip also set forth the

process by which an employee could apply for a religious or medical exemption from the DOHMH Order:

> Members may be considered for exemption from the COVID-19 vaccine mandate under limited circumstances on the basis of a sincerely held religious belief or a medical contraindication.
>
> Requests for exemptions must be submitted by email to the EEO Office at EEORA@fdny.nyc.gov by 10/27 in order for the employee to not be placed on unpaid leave status on 11/1. The forms necessary to file a Reasonable Accommodation Request can be found in PA/ID 1-77, Addendum 2. Note there are separate forms for different types of Reasonable Accommodations.

See Nguyen Declaration, Knutson Decl. Ex. N, ¶ 9.

4. A document entitled, "FAQ on New York City Employees Vaccine Mandate" ("Vaccine Mandate FAQ") is appended to the FDNY Buck Slip. See FDNY Buck Slip, Knutson Decl. Ex. M.

5. Question 26 of the Vaccine Mandate FAQ is, "[h]ow should an employee apply for a reasonable accommodation from being vaccinated?" See FDNY Buck Slip, Knutson Decl. Ex. M.

6. The information provided in response to Question 26 of the Vaccine Mandate FAQ is, "[a]n employee seeking a reasonable accommodation from vaccination should apply to their EEO Office (although some agencies designate a different entity to handle these requests)…" See FDNY Buck Slip, Knutson Decl. Ex. M.

7. The FDNY EEO Office did not receive or review a reasonable accommodation request seeking an exemption from the DOHMH Order from Plaintiff Obrian Pastrana. See Nguyen Declaration, Knutson Decl. Ex. N, ¶ 4.

8. Applications seeking an exemption from the DOHMH Order based on a medical reason were reviewed and decided by the FDNY EEO Office, in conjunction with the FDNY Bureau of Health Services ("BHS") and other attorneys within FDNY GLU who were recruited to assist with reviewing these requests. See Nguyen Declaration, Knutson Decl. Ex. N, ¶ 16.

9. Reasonable accommodation requests for exemption from the DOHMH Order based on a medical reason were sent to and/or discussed directly with a physician within FDNY BHS for review. See Nguyen Declaration, Knutson Decl. Ex. N, ¶ 17.

10. The FDNY EEO Office conferred with a physician from BHS on reasonable accommodation requests based on medical reasons. BHS submitted a recommendation to the FDNY EEO Office on whether the requests should be approved or denied. These recommendations were then reviewed by the FDNY EEO Office and/or other attorneys within the FDNY General Law Unit before a determination was issued. Employees were subsequently informed of their appeal rights. See Nguyen Declaration, Knutson Decl. Ex. N, ¶ 18.

11. Plaintiff received the first dose of the COVID-19 vaccine on October 29, 2021. See November 26, 2021, BHS Notes, Knutson Decl. Ex. Q.

12. Plaintiff sought medical treatment for an allergic reaction that began on November 15, 2021. See November 16, 2021, BHS Notes, Knutson Decl. Ex. O.

13. Dr. Chandswang's BHS examination notes dated November 16, 2021, state that Dr. Chandswang "counseled" Plaintiff to "f/u[1] allergy test. See November 16, 2021, BHS Notes, Knutson Decl. Ex., O.

---

[1] "f/u" is shorthand for "follow up."

14. Dr. Kakoulas' BHS examination notes dated November 26, 2021, indicate that Plaintiff saw an allergist on November 22, 2021, and that Plaintiff received a second dose of the COVID-19 vaccine on November 23, 2021. See December 10, 2021, BHS Notes, Knutson Decl. Ex. P.

15. DOHMH promulgated the COVID-19 vaccine mandate applicable to Plaintiff. See DOHMH Order, Knutson Decl. Ex. R; see also Nguyen Declaration, Knutson Decl. Ex. N, ¶ 4.

16. The Subchapter 2 Medical Board found Plaintiff to be permanently disabled, and recommended an Ordinary Disability Retirement. See Knutson Decl. Ex. S.

17. Dr. Olender's BHS examination notes dated December 10, 2021, state that the "first allergist stated [] not eligible for skin testing." See December 10, 2021, BHS Notes, Knutson Decl. Ex. P.

Dated: New York, New York
June 2, 2025

        **MURIEL GOODE-TRUFANT**
        Corporation Counsel of the
        City of New York
        *Attorney for Defendants*
        100 Church Street, Room 2-173
        New York, New York 10007
        (212) 356-2445
        Mknutson@law.nyc.gov

By:   */s/ Madeleine A. Knutson*
      Madeleine A. Knutson, Esq.
      Assistant Corporation Counsel