Docket No.  24-CV-07348 (BMC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

OBRIAN PASTRANA,

Plaintiff,

-against-

NEW YORK CITY FIRE DEPARTMENT, NEW
YORK CITY DEPARTMENT OF HEALTH AND
MENTAL HYGIENE, and the CITY OF NEW YORK,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

***MURIEL GOODE-TRUFANT***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Madeleine A. Knutson*
*Tel: (212) 356-2445*
*Matter No.:  2024-093439*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................................... II

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF FACTS ................................................................................................. 2

STANDARD OF REVIEW ................................................................................................ 2

ARGUMENT

      POINT I

           THE RECORD AND CONTROLLING LAW ESTABLISH THAT PLAINTIFF'S DUE PROCESS RIGHTS WERE NOT VIOLATED .......................................... 3

           A.   Substantive Due Process Claim ........................................................... 3

           B.   Procedural Due Process ...................................................................... 6

      POINT II

           PLAINTIFF CANNOT ESTABLISH THAT DEFENDANTS VIOLATED THE SHRL OR CHRL ............................................................................................. 8

      POINT III

           ESTABLISHING THE CAUSE OF PLAINTIFF'S MEDICAL CONDITION WOULD NOT PROVE HIS CLAIMS ................................................................. 12

      POINT IV

           DOHMH SHOULD BE DISMISSED FROM THIS ACTION ............................................................................................... 13

CONCLUSION ................................................................................................................ 15

CERTIFICATE OF COMPLIANCE ................................................................................ 16

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Pages**

In re Agent Orange Prod. Liab. Litig.,
    517 F.3d 76 (2d Cir. 2008)................................................................................3

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986)...........................................................................2, 3, 13

BellSouth Tellecomms., Inc. v. W.R. Grace & Co.,
    77 F.3d 603 (2d Cir. 1996)...........................................................................3

Brady v. Wal-Mart Stores, Inc.,
    531 F.3d 127 (2d Cir. 2008).........................................................................9

Cangro v. New York City Dep't of Fin.,
    2024 U.S. Dist. LEXIS 148244
    (S.D.N.Y. 2024).............................................................................................9

Capul v. City of New York,
    2020 U.S. Dist. LEXIS 92727
    (S.D.N.Y. 2020),
    *aff'd*, 832 F. App'x 766 (2d Cir. 2021) ....................................................7

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986).......................................................................................2

Coombs-Moreno v. City of New York,
    2024 U.S. Dist. LEXIS 173750
    (E.D.N.Y. 2024).............................................................................................5

Coughlin v. New York State Unified Ct. Sys.,
    2023 U.S. Dist. LEXIS 192576
    (E.D.N.Y. 2023).............................................................................................6

Dister v. The Continental Group, Inc.,
    859 F.2d 1108 (2d Cir. 1988).....................................................................2, 3

Dixon v. De Blasio,
    566 F. Supp. 3d 171 (E.D.N.Y. 2021) .......................................................5

Garland v. New York City Fire Dep't,
    2021 U.S. Dist. LEXIS 233142
    (E.D.N.Y. 2021).............................................................................................7

**Cases**                                                                    **Pages**

Garland v. New York City Fire Dep't,
    2024 U.S. App. LEXIS 2651
    (2d Cir. 2024)....................................................................................6, 7, 8, 12

Gertskis v. City of New York Dep't of Health & Mental Hygiene,
    2014 U.S. Dist. LEXIS 88020
    (S.D.N.Y. 2014)....................................................................................1

Graves v. Finch Pruyn & Co.,
    457 F.3d 181 (2d Cir. 2006)................................................................9

Hurd v. Fredenburgh,
    984 F.3d 1075 (2d Cir. 2021)..............................................................4

Jacobson v. Massachusetts,
    197 U.S. 11 (1905)..............................................................................5

Jaquez v. New York City Health & Hosps. Corp.,
    2016 U.S. Dist. LEXIS 3897
    (S.D.N.Y. 2016)..................................................................................3

Jones v. Nat'l Commun. & Surveillance Networks,
    409 F. Supp. 2d 456 (S.D.N.Y. 2006)................................................1

Koch v. Town of Brattleboro,
    287 F.3d 162 (2d Cir. 2002)............................................................. 2-3

Locurto v. Safir,
    264 F.3d 154 (2d Cir. 2001)...............................................................6

Maniscalco v. New York City Dep't of Educ.,
    563 F. Supp. 3d 33 (E.D.N.Y. 2021) ................................................4, 12

Marciano v. De Blasio,
    589 F. Supp. 3d 423 (S.D.N.Y. 2022)................................................5

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
    475 U.S. 574 (1986)...........................................................................3

Meiri v. Dacon,
    759 F.2d 989 (2d Cir. 1985)...............................................................2

New Yorkers for Religious Liberty, Inc. v. City of New York,
    121 F.4th 448 (2d Cir. 2024) .............................................................14

**Cases**                                                                 **Pages**

O'Connor v. Pierson,
    426 F.3d 187 (2d Cir. 2005)....................................................6, 12

Parker v. Columbia Pictures Indus.,
    204 F.3d 326 (2d Cir. 2000).........................................................9

Roberts v. AIG Global Inv. Corp.,
    2008 U.S. Dist. LEXIS 76891 (S.D.N.Y. 2008)...........................8-9, 12

Rochelle v. Autozoners,
    2023 U.S. Dist. LEXIS 193446 (S.D.N.Y. 2023)..............................11

Todd v. New York City Health & Hosps. Corp.,
    2021 U.S. Dist. LEXIS 187271 (E.D.N.Y. 2021)..............................3, 5

We the Patriots USA, Inc. v. Hochul,
    17 F.4th 266 (2d Cir. 2021) ......................................................5, 13

Young v. United Parcel Serv., Inc.,
    135 S. Ct. 1338 (2015).............................................................3

**Statutes**

Fed. R. Civ. P. 56.............................................................................1

Fed. R. Civ. P. 56(a).........................................................................2

Fed. R. Civ. P. 56(c)(1).....................................................................2

Local Civ. R. 56.1............................................................................2

N.Y.C. Admin. Code § 8-101, *et seq.*...................................................1

N.Y.C. Admin. Code § 8-107(28)(a)(2)..................................................9

N.Y.C. Admin. Code § 8-107(28)(d).....................................................9

N.Y.C. Charter 396..........................................................................1

N.Y. Exec. Law § 296, *et seq.*...........................................................1

## PRELIMINARY STATEMENT

Plaintiff, a former firefighter with the New York City Fire Department ("FDNY"), commenced this action alleging that Defendants FDNY, New York City Department of Health and Mental Hygiene ("DOHMH"),[1] and the City of New York (the "City") (together, "Defendants"), violated Plaintiff's Due Process rights under the United States Constitution by enforcing the COVID-19 vaccine mandate applicable to City employees ("Vaccine Mandate"), failed to accommodate Plaintiff under the New York State Human Rights Law ("SHRL"), N.Y. Exec. Law § 296 *et seq.* and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101 *et seq.* ("CHRL"), and that Defendants failed to engage in a cooperative dialogue, in violation of the CHRL.

Notwithstanding Plaintiff's allegations and at times conspiratorial theories, Second Circuit precedent precludes Plaintiff from establishing either a substantive or procedural due process violation. The record shows that Defendants never denied an accommodation request from Plaintiff, and Plaintiff himself cut off the cooperative dialogue required by the CHRL. Plaintiff was neither forced nor coerced to receive a second dose of the vaccine; instead, he made a choice to do so.

Defendants now move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment and a dismissal of Plaintiff's claims in their entirety. There is no remaining fact that Defendants need prove to defeat Plaintiff's claims, which are wholly insufficient under

---

[1] As asserted in Defendants' Motion to Dismiss, ECF Dkt. 12, FDNY and DOHMH are both agencies of the City of New York, and are thus not suable entities. See Jones v. Nat'l Commun. & Surveillance Networks, 409 F. Supp. 2d 456, 469 (S.D.N.Y. 2006) (FDNY is non-suable entity pursuant to section 396); see also Gertskis v. City of New York Dep't of Health & Mental Hygiene, 2014 U.S. Dist. LEXIS 88020, at *5 n.2 (S.D.N.Y. 2014) (DOHMH is not a proper defendant). Accordingly, all claims against FDNY and DOHMH must be dismissed and both agencies dismissed as defendants here.

the law. Indeed, there are no issues of material fact from which a reasonable juror could find that Plaintiff's due process rights were violated, that Plaintiff was denied a reasonable accommodation, or that Defendants failed to engage in a cooperative dialogue with Plaintiff. For the reasons stated below, Defendants are entitled to summary judgment and Plaintiff's claims should be dismissed.

## STATEMENT OF FACTS

For a statement of the material facts as to which there is no genuine issue to be tried, the Court is respectfully referred to Defendants' June 2, 2025, Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1 ("Defs' 56.1") and to the exhibits annexed to the June 2, 2025, Declaration of Madeleine A. Knutson ("Knutson Decl.").[2]

## STANDARD OF REVIEW

The Second Circuit holds that the "salutary purposes of summary judgment – avoiding protracted, expensive and harassing trials – apply no less to discrimination cases than to commercial or other areas of litigation." Dister v. The Continental Group, Inc., 859 F.2d 1108, 1114 (2d Cir. 1988) (quoting Meiri v. Dacon, 759 F.2d 989, 994 (2d Cir. 1985)). The "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Defendants, as the moving party here, bear the initial burden of informing the Court of the basis for the summary judgment motion and identifying those portions of the record that demonstrate the absence of a genuine dispute as to any material fact. See Fed. R. Civ. P. 56(c)(1); see also, Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Koch v. Town of Brattleboro, 287

---

[2] Unless otherwise indicated, all references to Exhibits (Ex.) in this Memorandum of Law refer to the documents and evidence annexed to the Knutson Decl., dated June 2, 2025.

F.3d 162, 165 (2d Cir. 2002). Courts must construe the evidence in the light most favorable to the

non-moving party and draw all reasonable inferences in the non-moving party's favor. See Young

v. United Parcel Serv., Inc., 135 S. Ct. 1338, 1347 (2015); In re Agent Orange Prod. Liab. Litig.,

517 F.3d 76, 87 (2d Cir. 2008).

    Once the moving party meets its burden, the nonmoving party must come forward

with specific facts to show there is a factual question that must be resolved at trial. See Jaquez v.

N.Y. City Health & Hosps. Corp., 2016 U.S. Dist. LEXIS 3897, at *10 (S.D.N.Y. 2016). "Only

disputes over facts that might affect the outcome of the suit under the governing law will properly

preclude the entry of summary judgment." Anderson, 477 U.S at 248. As the non-moving party,

Plaintiff must "do more than simply show that there is some metaphysical doubt as to the material

facts." Dister, 859 F.2d at 1114 (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475

U.S. 574, 586 (1986)). Indeed, "the non-movant must still do more that merely assert conclusions

that are unsupported by arguments or facts." Todd v. New York City Health & Hosps. Corp., 2021

U.S. Dist. LEXIS 187271, *6-7 (E.D.N.Y. 2021) (quoting BellSouth Tellecomms., Inc. v. W.R.

Grace & Co., 77 F.3d 603, 615 (2d Cir. 1996).

## ARGUMENT

### POINT I

### THE RECORD AND CONTROLLING LAW ESTABLISH THAT PLAINTIFF'S DUE PROCESS RIGHTS WERE NOT VIOLATED

**A.**  **Substantive Due Process Claim**

    Plaintiff's Amended Complaint states in no uncertain terms that he alleges a

violation of his *substantive* due process rights. See Am. Compl. First Cause of Action ("Violation

of the Fourteenth Amendment Substantive Due Process."); see also id. ¶ 127 ("…resulted in an

unconstitutional infringement of Plaintiff's substantive due process rights…"); id. ¶ 66 ("the City's

City Worker COVID-19 Vaccine Mandate must therefore be declared unconstitutional."). Plaintiff's Opposition to Defendants' Motion to Dismiss argues the same. See ECF Dkt. 15 at 1 ("…they also reveal a profound violation of Pastrana's substantive due process rights – rights deeply rooted in our nation's history and traditions.").

Such a substantive due process claim is not supported by any fact in the record, and summary judgment must be granted on the law alone. To establish a violation of substantive due process rights, a Plaintiff must show that the challenged state action implicates a fundamental right, and "must demonstrate that the state action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience" Maniscalco v. New York City Dep't of Educ., 563 F. Supp. 3d 33, 39 (E.D.N.Y. 2021) (quoting Hurd v. Fredenburgh, 984 F.3d 1075, 1087 (2d Cir. 2021).

Plaintiff's claim that the COVID-19 vaccine is not a vaccine, but instead a treatment, and, as such implicates the fundamental right to refuse medical treatment, is wholly unsupported by the record. See Am. Compl. ¶ 128 ("[the COVID vaccines] are referred to herein as vaccines, but they are not. They are treatments."). Defendants note that Plaintiff produced no expert witness testimony in support of this spurious theory, and the record is woefully deficient in this respect. Plaintiff produced, and presumably intends to rely on, numerous documents that discuss COVID-19 vaccines. See Knutson Decl. Ex. A,[3] B-L. However, every single one of these documents calls a spade a spade, and refer to the COVID-19 vaccine *as a vaccine*, not a treatment. Plaintiff's conspiratorial and factually baseless assertion that the COVID-19 vaccine is a treatment

---

[3] In Plaintiff's Supplemental Discovery Responses, dated May 8, 2025, Knutson Decl., Ex. A, Plaintiff produced eleven (11) documents and one (1) video which he states are responsive to Defendants' request for "medical or scientific sources, reports, or expert opinions Plaintiff relies on in support of his belief that the COVID-19 vaccine are not vaccines but are, instead treatments." (internal quotations omitted). See Knutson Decl., Ex. B-L.

is perfectly illustrative of a "conclusion unsupported by argument or facts," which is insufficient to defeat summary judgment. Todd, 2021 U.S. Dist. LEXIS *6-7.

Plaintiff's proposition that Vaccine Mandate implicates a fundamental right is not novel: it has been duly considered and squarely rejected by the Second Circuit. In We the Patriots USA, Inc. v. Hochul, the plaintiffs also argued that a COVID-19 vaccine mandate violated their rights to medical freedom. 17 F.4th 266, 293 (2d Cir. 2021). However, the Second Circuit disagreed, noting that, "[b]oth this Court and the Supreme Court have consistently recognized that the Constitution embodies no fundamental right that in and of itself would render vaccine requirements imposed in the public interest, in the face of a public health emergency, unconstitutional." Id.; see also Jacobson v. Massachusetts, 197 U.S. 11, 35 (1905). Indeed, the fundamental right to refuse treatment is not implicated by the COVID-19 Vaccine Mandate at issue here. See Coombs-Moreno v. City of New York, 2024 U.S. Dist. LEXIS 173750, *15 (E.D.N.Y. 2024) (dismissing the plaintiffs' Substantive Due Process claim and rejecting the plaintiffs' argument that the Vaccine Mandate implicated a constitutional right to decline medical treatment); see also Dixon v. De Blasio, 566 F. Supp. 3d 171, 185 (E.D.N.Y. 2021) (rejecting the plaintiffs' appeal to the right to the "freedom of bodily health and integrity"); Marciano v. De Blasio, 589 F. Supp. 3d 423, 434 (S.D.N.Y. 2022) (rejecting plaintiff's claim that the DOHMH's order requiring COVID-19 vaccinations for City employees and certain City contractors violates his "right to bodily integrity," constituting a denial of substantive due process).

Even assuming, *arguendo*, that a fundamental right was implicated by the Vaccine Mandate, which again, it decidedly was not, Plaintiff's claim similarly fails at the second prong: vaccine mandates, including the COVID-19 Vaccine Mandate applicable to City employees, do

not shock the contemporary conscience. See <u>Coughlin v. N.Y. State Unified Ct. Sys.</u>, 2023 U.S. Dist. LEXIS 192576, *17 (E.D.N.Y. 2023) (collecting cases).

Binding case law is replete with Courts finding that no fundamental right is implicated by vaccine mandates, nor do vaccine mandates shock the contemporary conscience, both of which are fatal to Plaintiff's substantive due process claim. Given this precedent, a reasonable jury could not find otherwise.

**B.      Procedural Due Process**

In an apparent last-ditch effort to  salvage his claims, Plaintiff appears to switch legal theories entirely, invoking procedural due process in his letter requesting a pre-motion conference for leave to move for summary judgment. See ECF Dkt. 19 ("Plaintiff's case does not challenge the facial validity of the mandate, but rather its application to an individual."). ECF Dkt. 19. However, to the extent that Plaintiff now alleges a procedural due process violation, his claim cannot succeed, in light of the undisputed fact that Plaintiff did not avail himself of the constitutionally sound process afforded him by Defendants.

"To determine whether a plaintiff was deprived of property without due process of law in violation of the Fourteenth Amendment, we must first identify the property interest involved. Next, we must determine whether the plaintiff received constitutionally adequate process in the course of the deprivation." <u>O'Connor v. Pierson</u>, 426 F.3d 187, 196 (2d Cir. 2005). "In the case of a public employee who may be terminated only for cause, "procedural due process is satisfied if the government provides notice and a limited opportunity to be heard prior to termination, so long as a full adversarial hearing is provided afterwards." <u>Garland v. New York City Fire Dep't</u>, 2024 U.S. App. LEXIS 2651, *8-9 (2d Cir. 2024) (citing <u>Locurto v. Safir</u>, 264 F.3d 154, 171 (2d. 2001).

Notably, Garland v. New York City Fire Dep't is not only instructive, but is also binding on this Court. Id. In Garland, where former FDNY employees brought a procedural challenge to the process for requesting reasonable accommodations for exemptions to the COVID-19 Vaccine Mandate, the Court conclusively rejected plaintiffs' argument that they were deprived of due process:

> With respect to plaintiffs who sought a religious or medical exemption, we conclude that the city provided an adequate opportunity to be heard by allowing NYFD employees to make an exemption request and pursue an appeal to a city-wide panel if the request was denied. These plaintiffs also had access to additional post-deprivation process in the form of an Article 78 proceeding and the grievance procedures under their collective-bargaining agreements.

Id. at *9. The Second Circuit affirmed the lower Court's decision, which held that "[p]laintiffs, not having availed themselves of the pre-deprivation opportunity to be heard, cannot now claim that they were deprived of their constitutional right to due process." Garland v. N.Y.C. Fire Dep't, 2021 U.S. Dist. LEXIS 233142 at 17 (E.D.N.Y. 2021) (citing Capul v. City of N.Y., 2020 U.S. Dist. LEXIS 92727, at *39 (S.D.N.Y. 2020) ("Plaintiffs are not entitled to circumvent established due process protections and then claim they were never afforded such protections."), aff'd 832 F. App'x 766 (2d Cir. 2021).

Plaintiff admits that there was a reasonable accommodation request process to apply for an exemption to the Vaccine Mandate based on medical grounds. See Am. Compl. ¶ 36. Plaintiff admits that Buck Slip No. EMS-21-10-12, dated October 21, 2021, ("FDNY Buck Slip"), was distributed to FDNY employees, including Plaintiff. Id. at ¶ 90; see also Defs.' 56.1 ¶ 1. The FDNY Buck Slip included instructions on how to apply for a medical accommodation, as well as an FAQ document. Defs.' 56.1 ¶¶ 2, 3; see also Am. Compl. ¶ 90. Within the FAQ document, in

7

response to the question, "How should an employee apply for a reasonable accommodation from being vaccinated?", the information provided states, in relevant part, "[a]n employee seeking a reasonable accommodation from vaccination should apply to their EEO Office." Defs.' 56.1 4,-5. However, the FDNY EEO Office neither received nor reviewed a reasonable accommodation request from Plaintiff, nor does Plaintiff allege that he submitted a reasonable accommodation request to the FDNY EEO Office. Defs.' 56.1 ¶ 7; see generally Am. Compl.

Further, the FDNY confirmed that this reasonable accommodation application and review process was implemented, which included individualized review of each reasonable accommodation request, consultation with medical professionals where appropriate, and appeal rights for those applicants whose requests were denied. Defs.' 56.1 ¶¶ 8-10. And critically, binding law has found that this process was constitutionally sufficient, both pre-deprivation and post-deprivation. See Garland, 2024 U.S. App. LEXIS 2651, *1.

Because Plaintiff makes clear in the Amended Complaint that he was provided with information with respect to the reasonable accommodations process, and indisputably did not avail himself of the constitutionally adequate process afforded him, Plaintiff cannot succeed on a procedural due process claim.

## POINT II

### PLAINTIFF CANNOT ESTABLISH THAT DEFENDANTS VIOLATED THE SHRL OR CHRL

"In order to set out a prima facie case of failure to accommodate, the employee bears the burden of demonstrating that: (1) he was an 'individual who has a disability' within the meaning of the statute; (2) the employer had notice of his disability; (3) he could perform the essential functions of the job with reasonable accommodation; and (4) the employer refused to make such accommodation." Roberts v. AIG Global Inv. Corp., 2008 U.S. Dist. LEXIS 76891,

*22 (S.D.N.Y. 2008) (citing Parker v. Columbia Pictures Indus., 204 F.3d 326, 338 (2d Cir. 2000).

"[G]enerally, it is the responsibility of the individual with a disability to inform the employer that

an accommodation is needed." Graves v. Finch Pruyn & Co., 457 F.3d 181, 184 (2d Cir. 2006)

(internal quotations omitted). However, employers can be found liable for failure to accommodate

even where an employee did not follow the prescribed process for requesting a reasonable

accommodation. The law instead requires an employer "to accommodate an employee's disability

if the disability is obvious--which is to say, if the employer knew or reasonably should have known

that the employee was disabled." Brady v. Wal-Mart Stores, Inc., 531 F.3d 127, 135 (2d Cir. 2008).

The CHRL provides that:

> It shall be an unlawful discriminatory practice for an
> employer, labor organization or employment agency
> or an employee or agent thereof to refuse or
> otherwise fail to engage in a cooperative dialogue
> within a reasonable time with a person who has
> requested an accommodation or who the covered
> entity has notice may require such an
> accommodation…

NYC Administrative Code 8-107 § 28(a)(2). [The cooperative dialogue] process involves good

faith . . . written or oral dialogue concerning the person's accommodation needs, potential

accommodations that may address those needs, and the difficulties that such accommodations may

pose for the covered entity." Cangro v. N.Y.C. Dep't of Fin., 2024 U.S. Dist. LEXIS 148244, *18-

19 (S.D.N.Y. 2024) (internal quotations omitted). The CHRL further requires that:

> Upon reaching a final determination at the
> conclusion of a cooperative dialogue…the covered
> entity shall provide any person requesting an
> accommodation who participated in the cooperative
> dialogue with a written final determination
> identifying any accommodation granted or denied.

NYC Administrative Code 8-107 § 28(d).

9

Plaintiff's allegations alone show that the cooperative dialogue had not concluded, and that no final determination had been reached by FDNY with respect to Plaintiff's request, and, therefore, Defendants had neither granted nor denied Plaintiff a reasonable accommodation. Without such denial, a reasonable jury could not find that Defendants failed to accommodate Plaintiff.

Plaintiff alleges, and the record shows, that Plaintiff received the first dose of the COVID-19 vaccine on October 29, 2021. Defs.' 56.1 ¶ 11; see also Am. Compl. ¶ 72.  Plaintiff sought medical treatment for an allergic reaction that he alleges to have begun on November 15, 2021. Id. at ¶ 79; see also Defs.' 56.1 ¶ 12. Plaintiff alleges that "[a]t every BHS doctor appointment, the Plaintiff articulated the fact that he was having ongoing severe allergic reaction to the COVID-19 vaccine and that he was concerned about getting a second dose." See Am. Compl. ¶ 88.  Plaintiff's FDNY medical records, specifically Dr. Chandswang's Bureau of Health Services ("BHS") examination notes dated November 16, 2021, show that Dr. Chandswang "counseled" Plaintiff to "f/u[4] allergy test.". Defs.' 56.1 ¶ 13. Plaintiff alleges that "[the allergist] informed [him] that the test could not be performed because he was currently taking prednisone to treat his ongoing allergic reaction, which would interfere with the accuracy of the results."[5]  Am. Compl. ¶ 87. Plaintiff further alleges that on the following day, he received the second dose of the COVID-19 vaccine. Id. at ¶ 99. Indeed, Dr. Kakoulas' BHS examination notes dated November 26, 2021, indicate that Plaintiff reported to BHS that he saw an allergist on November 22, 2021, and that Plaintiff got a second dose of the COVID-19 vaccine the next day, November 23, 2021. Defs.' 56.1 ¶ 14. There is no allegation in the Amended Complaint, nor any factual support in

---

[4] "f/u" is shorthand for "follow up."

[5] Dr. Olender's BHS examination notes dated December 10, 2021, state that the "first allergist stated [] not eligible for skin testing." Defs.' 56.1 ¶ 18.

Plaintiff's BHS medical records, that Plaintiff informed anyone at the FDNY, including the BHS, that he was told that the allergy test could not be completed. Instead, Plaintiff went ahead and chose to get the second dose of the COVID-19 vaccine the following day.

Plaintiff premises his failure to accommodate claim on not having been granted an exemption from the Vaccine Mandate. See Am. Compl. ¶¶ 10, 98, 190, 244. However, at the point when Plaintiff elected to get the second dose, any request for an exemption to the Mandate had *neither been approved nor denied*. Insofar as Plaintiff and BHS doctors had communicated, Plaintiff would seek an allergy test. Certainly, counseling by BHS that Plaintiff take an allergy test is not a denial.

Plaintiff claims that "[d]efendants refused to engage in any cooperative dialogue and simply refuse[d] to provide a reasonable accommodation." Am. Compl. ¶ 278. This claim, however, is undermined by Plaintiff's own account that he "explicitly asked Dr. Chandswang about obtaining a medical exemption for the second dose of the COVID-19 vaccine," (Am. Compl. ¶ 92), and that Dr. Chandswang counseled Plaintiff to seek a skin test from an allergist. Id. at ¶¶ 83, 87. Plaintiff did not return to inform the FDNY, or anyone at the BHS, that he could not take the requested allergy test. Instead, he returned with proof of vaccination. An employer cannot be held liable for failing to engage in the interactive process when the breakdown in that process was due to a failure on the part of the plaintiff. See Rochelle v. Autozoners, 2023 U.S. Dist. LEXIS 193446 (S.D.N.Y. 2023), as is the case here. Furthermore, in opting to receive the second dose of the COVID-19 vaccine before the cooperative dialogue could continue, Plaintiff essentially mooted his own request, because there was no longer any need for an exemption once Plaintiff was fully-vaccinated. Without an accommodation request, there is no reason to continue the cooperative dialogue.

11

## POINT III

## ESTABLISHING THE CAUSE OF PLAINTIFF'S MEDICAL CONDITION WOULD NOT PROVE HIS CLAIMS

Plaintiff devotes an inordinate amount of his pleadings seemingly trying to prove that his alleged allergic reactions, myocarditis, and disability retirement are the result of Defendants' enforcement of the DOHMH Vaccine Mandate. See generally Am. Compl. This focus is misguided. The cause of Plaintiff's allergic reactions and myocarditis is of no import.

In sum, and as set forth in *Points I-IV* above, to establish a substantive due process claim, Plaintiff must show that the Vaccine Mandate implicated a fundamental right and shocks the contemporary conscience. See Maniscalco, 563 F. Supp. 3d at 39.  To establish a procedural due process claim, Plaintiff must show that he did not receive constitutionally adequate process in the course of the deprivation of a property interest. See O'Connor v. Pierson, 426 F.3d at 196. To prevail on Plaintiff's SHRL and CHRL claims, he must establish, among other things, that his employer denied him an accommodation, Roberts v. AIG Global Inv. Corp., 2008 U.S. Dist. LEXIS at *22, and that Defendants refused to engage in an oral or written dialogue about Plaintiff's accommodation needs. Plaintiff fails to meet any of these legal standards.

Notably, none of these legal standards require Plaintiff to prove that his medical problems or disability retirement were caused by a vaccine that Defendants neither developed nor forced Plaintiff to receive. Put bluntly, a condition of employment[6]  does not and cannot cause myocarditis.

---

[6] See Garland, 574 F. Supp. 3d at 128-129 ("Given the state of public health emergency that our nation finds itself in due to the Coronavirus, the more transmissible Delta and Omicron variants, and the nature of Plaintiffs' job as firefighters and EMT employees, interacting with members of the public on an emergency basis, and living in close quarters during their shifts, the Commissioner was within his powers to require COVID-19 vaccination as a qualification of employment for FDNY employees.").

Throughout the Amended Complaint, Plaintiff repeatedly asserts that he was "forced" or "coerced" into taking the second dose of the COVID-19 vaccine. Am. Compl. ¶ 9 ("[t]his forced medical intervention"), see also id. at ¶¶ 98, 132-133, 160, 163. Plaintiff was not forced or coerced; Plaintiff made a choice. See We the Patriots USA, Inc. v. Hochul, 17 F.4th 266, 293-294, (2d Cir. 2021) ("Vaccination is a condition of employment in the healthcare field; the State is not forcibly vaccinating healthcare workers.").

Accordingly, any facts to which Plaintiff may claim are in dispute about the cause of Plaintiff's medical issues, or whether it is even ascertainable that the COVID-19 vaccine was the sole, or even primary, cause of Plaintiff's disability retirement, would not "affect the outcome of the suit under the governing law," and thus do not preclude the entry of summary judgment. Anderson, 477 U.S at 248.

## POINT IV

## DOHMH SHOULD BE DISMISSED FROM THIS ACTION

Notwithstanding the clear bases for *all* of Plaintiff's claims to be dismissed on summary judgment, and that DOHMH is not a suable entity, Defendants note that no facts exist that create liability for Defendant DOHMH. While Plaintiff summarily claims that all of the Defendants acted to violate Plaintiff's due process rights and failed to accommodate him, there are no allegations nor documentary evidence that DOHMH had any decision-making power in the areas that are the subject of this case. Further, DOHMH is not Plaintiff's employer. Am. Compl. ¶ 13.

DOHMH promulgated the COVID-19 Vaccine Mandate applicable to Plaintiff. Defs.' 56.1 ¶¶ 15. That is the beginning and end of DOHMH's involvement, both as alleged by Plaintiff and supported by the record. The FDNY EEO Office, as well as attorneys from FDNY's

General Law Unit ("GLU") were responsible for the evaluation and recommendation for medical and religious reasonable accommodations for exemptions to the Vaccine Mandate, with input by FDNY BHS. Defs.' 56.1 ¶ 16. It is FDNY BHS medical board who made the decision to put Plaintiff on retirement. Defs.' 56.1 ¶ 17. In fact, the DOHMH Order expressly disclaims that "[n]othing in this Order shall be construed to prohibit any reasonable accommodation otherwise required by law." Defs.' 56.1 ¶ 18.

Because the parties are in agreement that DOHMH did not evaluate medical accommodation requests, which is the challenged conduct in this action, Plaintiff can only intend to challenge DOHMH's imposition of the mandate itself, despite stating that he "does not challenge the facial validity of the mandate" in his letter requesting a pre-motion conference for leave to move for summary judgment. See ECF Dkt. 19. As established, *supra*, the Second Circuit has held that COVID-19 vaccine mandates are constitutional on their face. See New Yorkers for Religious Liberty, Inc. v. City of New York, 121 F.4th 448, 453 (affirming Plaintiffs' facial challenges to the COVID-19 vaccine mandate applicable to Department of Education employees).

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that their motion for summary judgment be granted, that judgment be entered for Defendants, and that Defendants be granted costs, fees, and expenses together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            June 2, 2025

                          **MURIEL GOODE-TRUFANT**
                          Corporation Counsel of the
                          City of New York
                          *Attorney for Defendants*
                          100 Church Street, Room 2-173
                          New York, New York 10007
                          (212) 356-2445
                          mknutson@law.nyc.gov


             By:     /s/ Madeleine A. Knutson
                          Madeleine A. Knutson, Esq.
                          Assistant Corporation Counsel

## CERTIFICATE OF COMPLIANCE

Counsel of Record hereby certifies that pursuant to Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the enclosed memorandum of law contains approximately 4,565 words, which is less than the total words permitted by the rules of the Court. Counsel relies on the word count function of the computer program used to prepare this brief.

Dated:      New York, New York
            June 2, 2025

                              **MURIEL GOODE-TRUFANT**
                              Corporation Counsel of the
                              City of New York
                              *Attorney for Defendants*
                              100 Church Street, Room 2-173
                              New York, New York 10007
                              (212) 356-2445
                              mknutson@law.nyc.gov


              By:     */s/ Madeleine A. Knutson*
                              Madeleine A. Knutson, Esq.
                              Assistant Corporation Counsel