# Exhibit N

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x

OBRIAN PASTRANA,

                                                Plaintiff,

-against-

NEW YORK CITY FIRE DEPARTMENT, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, and the CITY OF NEW YORK,

                                                Defendants.

**DECLARATION OF DON NGUYEN IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

24-CV-07348-BMC

----------------------------------------------------------------- x

**DON NGUYEN**, declares, pursuant to 28 U.S.C. § 1746 and under the penalty of perjury, that the following is true and correct:

      1. I am the Deputy Commissioner and Chief Legal Officer at the Fire Department of the City of New York ("FDNY"), a position I have held since March 2024. From March 2023 to March 2024, I served in the dual roles of Acting General Counsel and Assistant Commissioner of the Equal Employment Opportunity ("EEO") Office at the FDNY, a position to which I was appointed in December 2015. I was the Deputy Director of the FDNY EEO Office beginning in September 2015. I submit this declaration in support of Defendants' Motion for Summary Judgment.

      2. The sources of the information contained in this Declaration are my own personal knowledge, the books and records of FDNY and from information received by certain officers or agents of FDNY.

      3. In my capacity as the Assistant Commissioner of the EEO Office, I oversaw the Reasonable Accommodation Unit ("RA Unit"), which processes requests for

accommodations from members of the service, including but not limited to those based on disability and/or religion. The RA Unit fluctuates between three and five members. Normally, the RA Unit receives approximately 300 requests per year.

4. On October 20, 2021 the Commissioner of the New York City Department of Health and Mental Hygiene ("DOHMH"), David A. Chokshi, issued a Commissioner's Order requiring all New York City employees to provide proof of at least one dose of vaccination against COVID-19 by 5:00 p.m. by October 29, 2021 ("DOHMH Order").

5. The DOHMH Order required that any City employee who did not provide the above-described proof by the required deadline would be "excluded from the premises at which they work" beginning on November 1, 2021.

6. The DOHMH Order specifically provided that "Nothing in this Order shall be construed to prohibit any reasonable accommodation otherwise required by law."

7. On October 21, 2021, I received guidance from the New York City Department of Citywide Administrative Services ("DCAS"), which included the "FAQ on New York City Employees Vaccine Mandate," available at https://www1.nyc.gov/assets/dcas/downloads/pdf/guidelines/faq-vaccine-mandate.pdf, and a document entitled "Applying for a Reasonable Accommodation from the Covid-19 Vaccine Mandate" (collectively, "the Guidelines"). The latter document was subsequently revised on October 28, 2021. These documents laid out the guidelines for seeking an exemption from the DOHMH Order through a reasonable accommodation request.

8. The NYC Commission on Human Rights ("NYCCHR") also provided guidance in response to the unprecedented demand for vaccine exemptions faced by City agencies: "[b]earing in mind that employers' obligation to engage employees in a cooperative

2

dialogue about potential accommodations related to COVID-19 may extend to a large number of people, employers may satisfy their obligation to initiate the cooperative dialogue by reminding all staff of the employer's policies regarding reasonable accommodations and the process for applying for such accommodations." See COVID-19 & Employment Protections, NYC COMMISSION ON HUMAN RIGHTS https://www1.nyc.gov/site/cchr/community/covid-employment.page (last updated Nov. 1, 2021).

9. On October 21, 2021, FDNY Chief of Operations sent buck slip OPS-21-10-08 ("Buck Slip") to all commands informing employees of the DOHMH Order, which is attached to the Knutson Declaration as Exhibit M. The Buck Slip contained a summary of the COVID-19 vaccine mandate and a copy of the entire DOHMH Order and FAQs. The Buck Slip also set forth the process by which an employee could apply for a religious or medical exemption from the DOHMH Order:

> Members may be considered for exemption from the COVID-19 vaccine mandate under limited circumstances on the basis of a sincerely held religious belief or a medical contraindication.
>
> Requests for exemptions must be submitted by email to the EEO Office at EEORA@fdny.nyc.gov by 10/27 in order for the employee to not be placed on unpaid leave status on 11/1. The forms necessary to file a Reasonable Accommodation Request can be found in PA/ID 1-77, Addendum 2. Note there are separate forms for different types of Reasonable Accommodations.

10. On October 27, 2021, I attended a virtual meeting hosted by DCAS for Agency Personnel Officers and EEO Officers to further discuss these guidelines, including guidance on the reasonable accommodation request process for seeking an exemption from the

3

DOHMH Order.

11. The Guidelines specified that a reasonable accommodation request to be exempted from the DOHMH Order had to be submitted on or before October 27, 2021 in order for the applicant to remain on payroll pending review of the request. Further, any employee who requested a reasonable accommodation from their agency on or before that date must continue to submit a negative PCR test result within every seven-day period, as previously required, until their reasonable accommodation or subsequent appeal is decided.

12. However, employees who sought reasonable accommodations after October 27, 2021, were to be placed on Leave Without Pay ("LWOP") status effective November 1, 2021 while their requests were pending.

13. Applications were submitted directly to the FDNY EEO Office via email, fax, or hand delivery.

14. The FDNY EEO received over 2,117 requests for a reasonable accommodation related to the DOHMH Order.

15. As a result of more than 2,000 reasonable accommodation requests received by the FDNY EEO Office, and by virtue of the fact that the RA Unit only had one fully dedicated staff member, the FDNY EEO Office provided training to attorneys in the FDNY General Law Unit ("GLU") to assist in reviewing these applications. These attorneys were given training on how to review reasonable accommodation requests, interview and investigate applications as necessary, and issue a recommendation on the outcome of such requests. I also provided individual guidance to these attorneys on an as-needed basis.

16. Applications seeking an exemption from the DOHMH Order based on a medical reason were reviewed and decided by the FDNY EEO Office, in conjunction with the

FDNY Bureau of Health Services ("BHS") and other attorneys within FDNY GLU who were recruited to assist with reviewing these requests.

17. Reasonable accommodation requests for exemption from the DOHMH Order based on a medical reason were sent to and/or discussed directly with a physician within FDNY BHS for review.

18. The FDNY EEO Office conferred with a physician from BHS on reasonable accommodation requests based on medical reasons. BHS submitted a recommendation to the FDNY EEO Office on whether the requests should be approved or denied. These recommendations were then reviewed by the FDNY EEO Office and/or other attorneys within the FDNY General Law Unit before a determination was issued. Employees were subsequently informed of their appeal rights.

19. All recommendations were reviewed by me before being modified or adopted.

20. Where appropriate, the FDNY EEO Office reached out to various employees to request additional information to assist in deciding their requests.

21. Employees were permitted to request a reasonable accommodation on the basis of either a permanent or temporary medical exemption.

22. An applicant could receive a temporary medical exemption by showing, for example, that they are within the isolation period after COVID-19 infection or received a monoclonal anti-body infusion treatment in response to the COVID-19 infection. A complete list of qualifying bases for such temporary exemptions is included in the Guidelines.

23. In order to receive a permanent medical exemption, employees were required to submit documentation from their medical provider showing either a contraindication

delineated in the Center for Disease Control ("CDC") considerations for COVID-19 vaccine[1] or evidence that, despite seeking vaccination, the applicant was unable to mount an immune response to COVID-19 due to preexisting immune conditions.

24. In connection with medical accommodation requests, employees were encouraged to submit supporting documentation, including documentation of the employee's disability or medical condition, and an authorization for the release of medical records concerning the asserted disability or medical condition. In the event that an employee chose not to submit documentation sufficiently supporting their asserted medical accommodation request, the medical accommodation was denied.

25. In accordance with CDC guidance, pericarditis or myocarditis, as well as a documented history of severe allergic reaction to a COVID-19 vaccine dose or component of the COVID-19 vaccine, were conditions that could delay or preclude COVID-19 vaccination.

26. Reasonable accommodation requests based on religious reasons were reviewed directly by the FDNY EEO Office.

27. Of the 2,117 requests for a reasonable accommodation seeking an exemption from the DOHMH Order, 1,684 were for religious reasons, and 433 were for medical reasons.

28. Having reviewed more than 2,000 reasonable accommodation requests for an exemption to the DOHMH Order, there were requests for an exemption from the DOHMH Order that were granted based on an allergy to the COVID-19 vaccine or a component of the vaccine that did not require a specific skin test.

29. The FDNY EEO Office did not receive or review a reasonable

---

[1] *See* "Interim Clinical Considerations for Use of COVID-19 Vaccines Currently Approved or Authorized in the United States," Nov. 29, 2021, https://www.cdc.gov/vaccines/covid-19/clinical-considerations/covid-19-vaccines-us.html

accommodation request seeking an exemption from the DOHMH Order from Plaintiff Obrian Pastrana.

Dated:    New York, New York
              June 2, 2025

_____
**DON NGUYEN**

7