**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

OBRIAN PASTRANA

*Plaintiff,*

v.

NEW YORK CITY FIRE DEPARTMENT,
NEW YORK CITY DEPARTMENT OF
HEALTH AND MENTAL HYGIENE, and
CITY OF NEW YORK,

*Defendants.*

Case No. 1:24-cv-07348

**DECLARATION OF CHRISTINA MARTINEZ**
**IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

CHRISTINA MARTINEZ declares that the following is true and correct under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am an attorney duly admitted to practice before this Court and am counsel for Plaintiff Obrian Pastrana in the above-captioned matter.

2. I respectfully submit this declaration in support of Plaintiff's Motion for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

3. This declaration is based on my personal knowledge, as well as a review of documents produced in discovery in this action, publicly filed records (including those available on NYSCEF and PACER), and documents obtained in the ordinary course of litigation, including related proceedings involving the same policies and parties.

4. The following documents are annexed hereto as Exhibits "1" through "22" and are relied upon and cited by Plaintiff in the Statement of Material Facts Pursuant to Local

1

Civil Rule 56.1 and in Plaintiff's memorandum of law in support of the motion for summary judgment:

a. Attached hereto as **Exhibit "1"** is a true and correct copy of the New York City Fire Department ("FDNY") Fire Commissioner's Application for Plaintiff's Disability Retirement.

b. Attached hereto as **Exhibit "2"** is a true and correct copy of the FDNY Bureau of Health Services("BHS") MD-9 Summary.

c. Attached hereto as **Exhibit "3"** is a true and correct copy of Plaintiff's New York Presbyterian After Visit Summary, dated November 15, 2021.

d. Attached hereto as **Exhibit "4"** is a true and correct copy of Plaintiff's Garnet Health Medical Center After Visit Summary, dated November 21, 2021.

e. Attached hereto as **Exhibit "5"** is a true and correct copy of the Centers for Disease Control and Prevention Interim Clinical Considerations for Use of COVID-19 Vaccines, dated August 25, 2021, in effect during the relevant time period.

f. Attached hereto as **Exhibit "6"** is a true and correct copy of FDNY BHS Examination Reports.

g. Attached hereto as **Exhibit "7"** is a true and correct copy of the Fire Pension Fund Subchapter 2 Medical Board Recommendation.

h. Attached hereto as **Exhibit "8"** is a true and correct copy of the Fire Pension Fund Board Meeting Minutes.

i. Attached hereto as **Exhibit "9"** is a true and correct copy of the Affirmation of Don Nguyen, dated December 7, 2022.

**j.**  Attached hereto as **Exhibit "10"** is a true and correct copy of the City of New York's FAQ on New York City Employees Vaccine Mandate ("FAQs").

**k.**  Attached hereto as **Exhibit "11"** is a true and correct copy of excerpted pages from the deposition testimony of Don Nguyen, dated December 30, 2024.

**l.**  Attached hereto as **Exhibit "12"** is a true and correct copy of the FDNY tracking spreadsheet identifying reasonable accommodations to the Vaccine Mandate.

**m.**  Attached hereto as **Exhibit "13"** is a true and correct copy of the Defendant City of New York's Responses to Plaintiff's First Set of Interrogatories in *Vasquez v. City of New York*.

**n.**  Attached hereto as **Exhibit "14"** is a true and correct copy of Defendant City of New York's Supplemental Responses to Plaintiff's First Set of Interrogatories in *Vasquez v. City of New York*.

**o.**  Attached hereto as **Exhibit "15"** is a true and correct copy of the New York City Commissioner of Health and Mental Hygiene's City Worker COVID-19 Vaccine Mandate for City Workers, dated October 20, 2021.

**p.**  Attached hereto as **Exhibit "16"** is a true and correct copy of the Verified Answer in *Pastrana v. New York City Fire Pension Fund, Board of Trustees of the New York City Pension Fund, and the City of New York*, Index No. 160515/2023, NYSCEF Doc. No. 36, January 26, 2024.

**q.**  Attached hereto as **Exhibit "17"** is a true and correct copy of the Amendment to Order of the Commissioner of Health and Mental Hygiene to Require COVID-19 Vaccination for City Employees and Certain Contractors, dated February 9, 2023.

3

**r.** Attached hereto as **Exhibit "18"** is a true and correct copy of the New York City Fire Pension Fund Determination, dated June 28, 2023.

**s.** Attached hereto as **Exhibit "19"** is a true and correct copy of excerpted pages from the Decision and Order in *Pastrana v. New York City Fire Pension Fund, Board of Trustees of the New York City Pension Fund, and the City of New York*, Index No. 160515/2023, NYSCEF Doc. No. 59, dated April 3, 2024.

**Judicial Notice**

5. Plaintiff cites in paragraphs 100-104, and 106 of the Statement of Material Facts Pursuant to Local Civil Rule 56.1, to the deposition testimony of Don Nguyen in the matter of *Vasquez v. the City of New York*, 1:22-cv-5068 (HG), which is pending in the Eastern District of New York. The deposition testimony is attached herein as Exhibit 11. Mr. Nguyen was the Assistant Commissioner of the FDNY's Equal Employment Opportunity Office, and was the Deputy Commissioner of Legal Affairs at the FDNY at the time of his deposition. He testified as to the FDNY's COVID-19 Vaccine Mandate reasonable accommodation policies and practices in *Vasquez*, which was brought by a New York City Fire Fighter challenging the City's denial of a religious accommodation to the COVID-19 vaccine mandate. I personally deposed Nguyen in *Vasquez*. First, Mr. Nguyen's deposition testimony is admissible pursuant to Federal Rule of Civil Procedure 32(a)(3), which permits an adverse party to use the deposition of a party's "officer, director, managing agent, or designee" for any purpose. Mr. Nguyen, in his role as Assistant Commissioner, qualifies as a managing agent of the City. Second, under Rule 32(a)(1)(A) and (B), the deposition may be used against the City because the City was a party in *Vasquez*, was represented at the deposition by Corporation Counsel, and the testimony is admissible under the Federal Rules of

4

Evidence. Third, the testimony is separately admissible under Federal Rule of Evidence 801(d)(2) as an admission of a party-opponent, since Mr. Nguyen was speaking on behalf of the City regarding official policies and decisions relevant to the issues in this case. Accordingly, the deposition is properly cited in support of Plaintiff's motion for summary judgment.

6.     Plaintiff cites throughout the Statement of Material Facts Pursuant to Local Civil Rule 56.1 to Exhibit 9, the affirmation of Don Nguyen, Assistant Commissioner of the FDNY's Equal Employment Opportunity Office, submitted by the City of New York in *Jude Pierre v. FDNY and City of New York*, Index No. 158856/2022 (Sup. Ct., N.Y. Cty.). This document was filed on NYSCEF in connection with the City's defense of its vaccine mandate accommodation policies and was also served on Plaintiff by Defendants during discovery in this action. The affirmation addresses FDNY's reasonable accommodation procedures during the relevant period and is admissible as a statement of a party-opponent under Federal Rule of Evidence 801(d)(2). Plaintiff also respectfully requests that the Court take judicial notice of this publicly filed affirmation as a government filing in a prior judicial proceeding.

7.     Plaintiff cites, in paragraphs 3 and 4 of the Statement of Material Facts Pursuant to Local Civil Rule 56.1, to the October 20, 2021 Commissioner's Order Requiring COVID-19 Vaccination for City Employees and Certain Contractors, issued by the New York City Department of Health and Mental Hygiene. This order is an official publication of the City of New York and is publicly available at https://www.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-city-employees.pdf. It is attached herein as Exhibit 15. Plaintiff respectfully requests that the

Court take judicial notice of this Order pursuant to Federal Rule of Evidence 201(b), as it is a public record issued by a governmental agency and is not subject to reasonable dispute. The Order was also produced by Defendants during discovery in this case.

8.     Plaintiff cites, in paragraph 56 of the Statement of Material Facts Pursuant to Local Civil Rule 56.1, to the *Interim Clinical Considerations for Use of COVID-19 Vaccines Currently Authorized in the United States*, issued by the Centers for Disease Control and Prevention (CDC), and last updated August 25, 2021, and attached herein as Exhibit 5. Because the CDC's current webpage no longer reflects the historical August 2021 version, Plaintiff cites to the archived version available at https://web.archive.org/web/20210831001317/https://www.cdc.gov/vaccines/covid-19/clinical-considerations/covid-19-vaccines-us.html. This document is an official public health publication by a federal agency. Plaintiff respectfully requests that the Court take judicial notice of the archived version pursuant to Federal Rule of Evidence 201(b), as it is not subject to reasonable dispute and is capable of accurate and ready determination from a source whose accuracy cannot reasonably be questioned.

9.     In paragraphs 1, 8, 11, 66, 76, 78-82, and 85 of the Statement of Material Facts Pursuant to Local Civil Rule 56.1, and attached as Exhibit 16 herein, Plaintiff cites to the City's Answer filed in a prior state court proceeding between the parties here, Plaintiff Obrian Pastrana and Defendant, the City of New York, *Pastrana v. New York City Fire Pension Fund, Board of Trustees of the New York City Pension Fund, and the City of New York*, Index No. 160515/2023, NYSCEF Doc. No. 36, January 26, 2024. In the state court proceeding, Plaintiff brought an Article 78 proceeding challenging the denial of Accidental Disability Retirement benefits. The Verified Answer is publicly available on the New York

State Courts Electronic Filing (NYSCEF) system

at https://iapps.courts.state.ny.us/nyscef/ViewDocument?docIndex=USVM_PLUS_R8qCedF WPZ28DclOA==. Plaintiff respectfully requests that the Court take judicial notice of this filing pursuant to Federal Rule of Evidence 201(b), as it is an official court record capable of accurate and ready determination from a source whose accuracy cannot reasonably be questioned. In addition, because this Answer was filed in a prior litigation between the same parties, the City's admission is independently admissible under Rule 801(d)(2) as a party-opponent statement.

10.     Plaintiff cites, in paragraph 86 of the Statement of Material Facts, to the Decision and Order issued in *Pastrana v. New York City Fire Pension Fund, Board of Trustees of the New York City Pension Fund, and the City of New York*, Index No. 160515/2023, NYSCEF Doc. 59, April 3, 2024, publicly available

at https://iapps.courts.state.ny.us/nyscef/ViewDocument?docIndex=Tp1hW8uYIEn5DKua7D SvMQ==, and attached herein as Exhibit 19. In that proceeding, the court held that Plaintiff was permanently disabled by the COVID-19 vaccine, which was incidental and arose out of the performance of Plaintiff's routine employment duties, receiving the COVID-19 vaccine in compliance with the Vaccine Mandate. *Id.* at 3-4. Plaintiff respectfully requests that the Court take judicial notice of this ruling pursuant to Federal Rule of Evidence 201(b), and further submits that the findings therein give rise to issue preclusion on questions fully and fairly litigated in the prior action. *Evans v. Ottimo*, 469 F.3d 278, 282 (2d Cir. 2006).

11.     In paragraph 6 of the Statement of Material Facts Pursuant to Local Civil Rule 56.1, Plaintiff cites to the *Amendment to Order of the Commissioner of Health and Mental Hygiene to Require COVID-19 Vaccination for City Employees and Certain Contractors*,

issued by the New York City Department of Health and Mental Hygiene. This document, attached as Exhibit 17, formally rescinded the City's vaccine mandate for municipal employees, including Plaintiff, effective February 10, 2023. It is publicly available on the NYC Department of Health's website at https://www.nyc.gov/assets/doh/downloads/pdf/notice/2023/boh-order-amend-covid-vaccine-req-city-employees.pdf. Plaintiff respectfully requests that the Court take judicial notice of this official government publication pursuant to Federal Rule of Evidence 201(b), as it is an authoritative public record not subject to reasonable dispute.

12.    Plaintiff cites, in paragraphs 106, 108, and 110 of the Statement of Material Facts Pursuant to Local Civil Rule 56.1, to the City of New York's Responses and Objections to Plaintiff's First Set of Interrogatories, dated June 4, 2024, and the City's Supplemental Responses, dated September 4, 2024, served in *Vasquez v. City of New York*, No. 1:22-cv-5068 (HG) (E.D.N.Y.). These documents are attached hereto as Exhibits 13 and 14, respectively. *Vasquez*—like this case—involves a failure to accommodate action brought by a New York City firefighter. The City is a party in both cases and the interrogatory responses reflect official positions, admissions, and factual assertions concerning the City's vaccine accommodation policies and practices as applied to FDNY personnel. These responses are admissible as statements of a party-opponent under Federal Rule of Evidence 801(d)(2), and Plaintiff respectfully requests that the Court consider them in support of this motion. Plaintiff also notes that he sought this same information through Requests for Admission (and also with regard to the number of medical accommodations, by interrogatories) served in this case, but Defendants refused to admit or deny the relevant requests, thereby making the interrogatory responses in *Vasquez* necessary and highly probative.

13.     Exhibits 1, 2, and 6, cited throughout Plaintiff's Statement of Material Facts Pursuant to Local Civil Rule 56.1, are admissible medical records maintained by the Fire Department of the City of New York (FDNY) in the ordinary course of its operations. Exhibit 1 is the Fire Commissioner's application for Plaintiff's disability retirement, which includes the findings and diagnoses of the FDNY Bureau of Health Services (BHS) Medical Board. Exhibit 2 is an FDNY BHS MD-9 Summary documenting Plaintiff's in-service medical evaluation following an emergency incident. Exhibit 6 contains additional BHS examination reports concerning Plaintiff's post-vaccination symptoms and treatment. These documents are part of Plaintiff's official FDNY medical file and were produced by Defendants in discovery. They are admissible under Federal Rule of Evidence 803(6) as records of a regularly conducted activity, and also under Rule 801(d)(2) as admissions of a party-opponent, where applicable. To the extent any document reflects Plaintiff's own statements regarding his condition, they are further admissible under Rule 803(4) as statements made for purposes of medical diagnosis or treatment.

14.     Exhibits 3 and 4 are medical records documenting Plaintiff's emergency treatment at NewYork-Presbyterian Hospital on November 15, 2021, and Garnet Health Medical Center on November 21, 2021, cited throughout Plaintiff's Statement of Material Facts Pursuant to Local Civil Rule 56.1. These records were produced by Defendants during discovery and are also maintained in Plaintiff's FDNY medical file. They are admissible as business records under Federal Rule of Evidence 803(6) and, where applicable, as statements made for purposes of medical diagnosis or treatment under Rule 803(4). Because they reflect contemporaneous medical evaluations of Plaintiff's condition following his adverse reaction to the COVID-19 vaccine, they are relevant and properly before the Court on this motion

9

15.     Exhibits 7, 8, and 18 are official records of the Fire Department Pension Fund relating to Plaintiff's disability retirement proceedings cited throughout Plaintiff's Statement of Material Facts Pursuant to Local Civil Rule 56.1. Exhibit 7 is the written recommendation of the Subchapter 2 Medical Board of the Fire Department Pension Fund, which found that Plaintiff was permanently disabled due to myocarditis and ongoing symptoms following COVID-19 vaccination. Exhibit 8 is the official meeting minutes of the Board of Trustees of the Fire Department Pension Fund reflecting the Board's deliberation and vote on Plaintiff's disability retirement. Exhibit 18 is the Pension Fund's final written determination approving Plaintiff's Ordinary Disability Retirement based on the Medical Board's findings. These records were filed by the City of New York in the prior Article 78 proceeding brought by Plaintiff in New York Supreme Court, and are publicly available on NYSCEF. Plaintiff respectfully submits that they are admissible under Federal Rule of Evidence 803(8) as public records setting forth the activities of a governmental agency and factual findings resulting from an authorized investigation. They are also admissible under Rule 803(6) as records of a regularly conducted activity, and as party-opponent admissions under Rule 801(d)(2).

Dated:     Staten Island, New York
           June 2, 2025

           _____
           Christina Martinez, Esq.