UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
OBRIAN PASTRANA,  :
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Plaintiff,  :
　　　　　　　　　　　　　　　　　　　　: **MEMORANDUM DECISION AND**
　　　　-against-  : **ORDER**
　　　　　　　　　　　　　　　　　　　　:
NEW YORK CITY FIRE DEPARTMENT,  : 24-cv-7348 (BMC)
NEW YORK CITY DEPARTMENT OF  :
HEALTH AND MENTAL HYGIENE, and the  :
CITY OF NEW YORK,  :
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Defendants.  :
---------------------------------------------------------- X

**COGAN**, District Judge.

　　　　This decision joins the growing body of case law regarding vaccines as a condition of employment. Plaintiff Obrian Pastrana contends that defendants New York City Fire Department, New York City Department of Health and Mental Hygiene, and the City of New York (collectively, the "City") violated his substantive due process rights under the Fourteenth Amendment by requiring him to receive both doses of the COVID vaccine to keep his job, despite a severe allergic reaction to the first dose.[1] Pastrana also brings several city and state law claims based on the City's failure to accommodate him. This case is before the Court on the City's motion for summary judgment and Pastrana's motion for partial summary judgment.

　　　　Because Pastrana fails to identify a fundamental right or illustrate why the City's vaccine policy fails rational basis review, either facially or as applied to Pastrana, the City's motion for summary judgment on Pastrana's substantive due process claim is granted. The Court will order

---

[1] Defendants argue that the Department of Health and Mental Hygiene is a mere agency of New York City and thus is not a juridical entity that can be sued. See N.Y.C. Charter § 396; Jenkins v. City of New York, 478 F.3d 76, 93 n. 19 (2d Cir. 2007). Plaintiff has not opposed and DOH is therefore dismissed on that basis.

the parties to show cause why it should continue to exercise supplemental jurisdiction over the remaining city and state law claims.

## BACKGROUND

Plaintiff Obrian Pastrana is a former firefighter with the New York City Fire Department ("FDNY"). In response to the COVID-19 pandemic, the City instituted a vaccine mandate for all first responders. FDNY had an exemption policy that allowed firefighters to obtain medical and religious accommodations by submitting a request to the Equal Employment Office via email.

Before the vaccine mandate deadline, Pastrana got the first dose of the COVID-19 vaccine. Upon receiving the vaccine, Pastrana experienced sweats, arm soreness, hives, swelling, and chills.

Pastrana requested medical leave due to his reaction to the first dose, and FDNY granted him four days of leave. During this period, Pastrana reported to the FDNY Bureau of Health Services ("BHS") medical clinic, as was required by FDNY for firefighters on medical leave. A BHS physician diagnosed Pastrana with COVID-19 side effects. Pastrana recalls that after expressing concern about getting the next dose, the BHS physician told Pastrana that he would need to be fully vaccinated regardless.

A few days after Pastrana returned to work from medical leave, he was rushed from the firehouse to the hospital because coworkers noticed his face, torso, leg, and foot swelling rapidly. The following day, Pastrana went to a BHS clinic again to be evaluated by an FDNY physician. Once again, Pastrana requested a medical exemption from the physician to avoid the second dose of the COVID-19 vaccine. The physician told Pastrana that he would need an allergy test to request an exemption.

Pastrana then met with an allergist who was not associated with FDNY. The allergist told Pastrana that he could not receive an allergy test because he was on prednisone for his previous (and ongoing) allergic reaction. Pastrana ultimately decided to receive the second dose of the COVID-19 vaccine. After the second dose, he again had swelling and hives and needed to be transported to the hospital. Pastrana was diagnosed as having developed myocarditis – a heart condition that can lead to sudden incapacitation – from the vaccine doses.

The BHS Committee, which is the body that determines whether a firefighter can continue to perform the duties of a firefighter, determined that Pastrana was not fit for firefighting and needed to be retired for disability. The Fire Pension Fund Board of Trustees granted Pastrana ordinary disability retirement rather than disability related to a service accident, which would have provided a better benefit package to Pastrana.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a court can grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A court must "resolv[e] all ambiguities and draw[ ] all permissible factual inferences in favor of the party against whom summary judgment is sought." Burg v. Gosselin, 591 F.3d 95, 97 (2d Cir. 2010) (quotation marks and quotation omitted). When more than one party moves for summary judgment, it does "not alter [this] basic standard, but simply require[s] the court to determine whether either of the parties deserves judgment as a matter of law on facts that are not in dispute." AFS/IBEX v. AEGIS Managing Agency Ltd., 517 F. Supp. 3d 120, 123 (E.D.N.Y. 2021) (citing Morales v. Quintel Entm't, Inc., 249 F.3d 115, 121 (2d Cir. 2001)). A court need not grant summary judgment for any party, "[r]ather, each party's motion must be examined on its own merits, and in each case all

3

reasonable inferences must be drawn against the party whose motion is under consideration." Morales, 249 F.3d at 121 (citing Schwabenbauer v. Bd. of Educ., 667 F.2d 305, 314 (2d Cir. 1981)).

The City has moved for summary judgment on Pastrana's claims under the Fourteenth Amendment, New York City Human Rights Law, and New York State Human Rights Law. Pastrana has moved for summary judgment on his claims under the New York City Human Rights Law and New York State Human Rights Law.

## DISCUSSION

Pastrana asserts that the narrow accommodation policy for the vaccine mandate was unconstitutional as applied to him, violating his substantive due process rights under the Fourteenth Amendment.

Courts analyze substantive due process claims using a two-step process. First, the Court must identify the relevant fundamental right. Second, assuming there is one, the plaintiff "must demonstrate that the state action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Maniscalco v. New York City Dep't of Educ., 563 F. Supp. 3d 33, 39 (E.D.N.Y. 2021) aff'd, No. 21-2343, 2021 WL 4814767 (2d Cir. Oct. 15, 2021) (quoting Hurd v. Fredenburgh, 984 F.3d 1075, 1087 (2d Cir. 2021)). If there is not an implicated fundamental right, rational basis review applies, which requires the government action to be "rationally related to legitimate government interests." Washington v. Glucksberg, 521 U.S. 702, 728 (1997) (citations omitted).

### I. Fundamental Right

All rights are not deserving of special treatment; only those rights that are "deeply rooted in this Nation's history and tradition." Washington, 521 U.S. at 720-21 (quotation and citations

omitted). These fundamental rights are "implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." Id. (internal quotation marks and quotation omitted).

There is no general fundamental right to reject a vaccine mandate imposed for the purpose of public health and safety. See Jacobson v. Commonwealth of Massachusetts, 197 U.S. 11 (1905). Furthermore, the Second Circuit and the Supreme Court "have consistently recognized that the Constitution embodies no fundamental right that in and of itself would render vaccine requirements imposed in the public interest, in the face of a public health emergency, unconstitutional." We The Patriots USA, Inc. v. Hochul, 17 F.4th 266, 293 (2d Cir. 2021), opinion clarified, 17 F.4th 368 (2d Cir. 2021) (citations omitted); see also Phillips v. City of New York, 775 F.3d 538 (2d Cir. 2015) (upholding a mandatory vaccination regime with medical and religious exemptions). In Patriots, 17 F.4th at 293-94, the Second Circuit found that the COVID-19 vaccine mandate, specifically, was facially constitutional as a condition of employment.[2]

In the same case in which the Supreme Court held that vaccine mandates do not implicate a fundamental right under the Fourteenth Amendment, the Supreme Court "deem[ed] it appropriate . . . to observe . . . that the police power of a state . . . may be exerted in such circumstances, or by regulations so arbitrary and oppressive in particular cases, as to justify the

---

[2] Pastrana's attempt to cast the COVID-19 vaccine as a medical treatment in order to implicate the fundamental right to refuse medical treatment is unpersuasive. The Second Circuit has repeatedly applied Jacobson to COVID-19 cases, indicating that COVID-19 vaccines are vaccines and not medical treatments. See We The Patriots USA, Inc., 17 F.4th at 293. Furthermore, even if the COVID-19 vaccine does more to treat COVID than prevent it, the Second Circuit has held "that weighing scientific evidence and the effectiveness of vaccines is the role of state policymakers, not Plaintiffs." Bellatoni v. Lamont, No. 23-656, 2023 WL 8889516, at *1 (2d Cir. Dec. 26, 2023) (citation omitted). The fundamental right to bodily integrity is not at issue in cases where parties have a choice between the vaccine and their job. See Legaretta v. Macias, 603 F. Supp. 3d 1050, 1063 (D.N.M. 2022); see also Maniscalco, 563 F. Supp. 3d at 38-39 (vaccine mandates do not rise to the level of a substantive due process violation when they allow employees to choose between the job and the vaccine so long as there are alternatives within the same profession.).

interference of the courts to prevent wrong and oppression." Jacobson, 197 U.S. at 38.  The Supreme Court recognized that a vaccine mandate without a medical exemption, and imposed on all people, not solely imposed as a condition of employment, would require judicial intervention:

> It is easy . . . to suppose the case of an adult who is embraced by the mere words of the act, but yet to subject whom to vaccination in a particular condition of his health or body would be cruel and inhuman in the last degree.  We are not to be understood as holding that the statute was intended to be applied to such a case, or, if it was so intended, that the judiciary would not be competent to interfere and protect the health and life of the individual concerned.

Id. at 38-39.  Thus, when there is a specific and documented medical risk, the courts have a place to consider the level of choice the vaccine recipient has in taking the vaccine or not.

This case differs from Jacobson, where an individual could be at risk of harm from a government mandate that applied to everyone.  In this case, Pastrana always had a choice between receiving the vaccine and keeping his job.  See Maniscalco, 563 F. Supp. 3d at 38-39.  Assuming, in Pastrana's favor, that the City denied his accommodation request, he was free to decide between taking the vaccine or seeking different employment.  The burdened right in this case is not the right to be free from unwanted medical treatment, but rather the right to specific employment.  Although it was a difficult decision, ultimately, Pastrana had to choose between his job with the FDNY and getting the vaccine.  At all times, Pastrana was free not to receive the second dose of the COVID-19 vaccine, potentially sacrificing his career.  Therefore, the burdened right is not the right of bodily integrity or preservation, but rather the right to specific employment.

There is a general right to choose and pursue employment in the field that one desires, "but a right which is nevertheless subject to reasonable government regulation." Conn v.

6

Gabbert, 526 U.S. 286, 291-92 (1999) (citations omitted).  The right to employment is the right to pursue a particular occupation, not the right to a specific job.  See Parsons v. Pond, 126 F. Supp. 2d 205, 217 (D. Conn. 2000) (citations omitted); see also Maniscalco, 563 F. Supp. 3d at 38-39.  "[T]he right of occupational choice is afforded Due Process protection only when a plaintiff is completely prohibited from engaging in his or her chosen profession."  Id. at 38 (quoting Hu v. City of New York, 927 F.3d 81, 102 (2d Cir. 2019)).

Pastrana does not put forth any evidence that he was barred from getting another firefighting job with a different department or in a neighboring state had he decided not to get the COVID-19 vaccine.  Therefore, Pastrana fails to demonstrate that his right to pursue firefighting as an area of employment was implicated by the COVID-19 vaccine mandate's narrow accommodation policy.  Because Pastrana does not identify a fundamental right implicated by the City's actions or policies, he fails to establish the first element of a substantive due process claim.

**II.     Rational Basis Review**

When there is no fundamental right at issue, as is the case here, the Court evaluates the law to see if it is "rationally related to legitimate government interests."  Washington, 521 U.S. at 728.  For as-applied challenges, the Court must determine whether the law, as applied to a specific plaintiff, is rationally related to a legitimate government interest.  See id.; see also Goe v. Zucker, 43 F.4th 19, 30 (2d Cir. 2022).  Requiring an allergy test before granting a medical exemption could have been precisely because the City did not want to arbitrarily deny or grant accommodations for allergies without medical confirmation of those allergies.  Nothing could be more rational. Alternatively, the City could have determined that denying an accommodation for Pastrana would better serve the public health and safety by allowing fewer unvaccinated first

7

responders. As <u>Jacobson</u> established over 100 years ago, the needs of the community can outweigh the desire for an exception for one individual. The same is true here. Although this Court, Pastrana, or any number of other individuals could have come to a different conclusion regarding Pastrana's accommodation request, the City's decision was rationally related to the legitimate interest of protecting public health in the face of a global pandemic.

## CONCLUSION

For the reasons above, the City's motion for summary judgment on Pastrana's Fourteenth Amendment claim is granted. The parties are ORDERED TO SHOW CAUSE within 14 days why the Court should not decline to exercise subject matter jurisdiction over plaintiff's remaining state law claims.

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
       July 31, 2025